**Elmer NELMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00719–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1992.

Rehearing Denied Aug. 20, 1992.

Stephen C. Taylor, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Don Crosier, Houston, for appellee.

Before PRICE,[1] DUGGAN and DUNN, JJ.

OPINION

PRICE, Justice (Assigned).

A jury convicted appellant for possessing less than 28 grams of cocaine. After finding two enhancement paragraphs true, the trial court assessed his punishment at 40 years confinement. We reverse and remand for a new trial.

Stephen Kwiatkowski, a Houston police officer, testified he and other officers entered a convenience store on a narcotics investigation. He observed appellant playing a video game, then "sort of lean toward the right," and drop two rocks of cocaine to the floor. At the time of his arrest, appellant was wearing a "beeper."

■ Appellant's first point of error asserts the trial court erred by allowing the State to offer hearsay testimony that had previously been ruled inadmissible during two pretrial hearings. This testimony that appellant was wearing a beeper and people who sell drugs wear beepers was admitted over his objection.

Prior to trial, appellant filed a motion in limine to prohibit the State from offering testimony that he possessed a beeper at the time of his arrest. At a pretrial hearing, the trial court ruled the State could elicit testimony that appellant possessed a beeper, but could not offer testimony about selling drugs. At this hearing, appellant made the following argument:

The second purpose of the motion in limine is that the State had witnesses not mentioned that my client possessed the pager or beeper at the time of his arrest, and the basis for that is that one of the officers seized that pager from him and took telephone numbers from it and gave it back to him and *I anticipate that they might try to testify that it has been their experience that any drug dealers carry pagers and beepers.* There again, he's not charged with delivery, and the

natural implication to the jury is that because of the fact that he had a pager or beeper that he was selling drugs. And I feel that that is certainly prejudicial to him, *not relevant* to whether or not he dropped the rocks of cocaine, which is what the whole case is about.

(Emphasis added.) Later during this hearing, appellant argued further:

That's exactly right. Tends to show the jury that he's a drug dealer. It is not even any evidence at all that he's selling drugs. That certainly is the implication. And there is no point in introducing that. What the State is trying to do is prove that he possessed cocaine and in the back door they are trying to get in the implication that he was a drug dealer.

The State argued this evidence was not evidence of an offense.

Just before trial, appellant again raised the issue with the trial court.

[Appellant's Counsel]: Yes, sir. Your Honor, this again is regarding my motion in limine. I would again like to reurge my objection that with respect to the Prosecutor being allowed to introduce testimony that my client possessed the pager, more importantly I am concerned with the expected testimony from the officers as to their speculation as to the use by my client of that pager. I am not sure that I brought that out yesterday, but that—

[Court]: Yes. You did.

[Appellant's Counsel]: —that is also a part of my motion in limine.

[Court]: Yes.

[Appellant's Counsel]: The basis being Rule 404[2] allows the State to introduce testimony of the defendant's acts to show, for instance, intent, knowledge and so forth; but, what the State is attempting to do is to offer not only the defendant's acts that he possessed a pager, but also to produce the opinion testimony and speculation testimony of the police officers as to the intended use of

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. TEX.R.CRIM.EVID. 404.

that pager. That goes beyond the scope of 404. It is clearly inadmissible character evidence.

What they are trying to do is show through my client's acts and the police officer's speculation that he's a drug dealer, and that because of that fact that he intentionally and knowingly possessed cocaine. They are not limiting their testimony to my client's acts. It is outside the scope of 404. It is inadmissible. And clearly introduction of that testimony substantially outweighs any probative value and it certainly would be prejudicial to him. It is diverting the jury's attention away from whether or not he exactly possessed cocaine. They are going to be thinking about him being a drug dealer. And it's not just based on his acts. And I ask that that be excluded.

[Court]: All right. The same ruling as we had yesterday and the ruling will stand and we will go ahead and start with the trial.

(At this hearing, the State did not take a position on the admissibility of the evidence).

During its case-in-chief, the State elicited the following testimony in its direct examination of Kwiatkowski:

Q: Officer, what else did you observe on the defendant's person?

A: He had a beeper on his belt.

Q: In your six years experience with the narcotics division and your training as a police officer have you seen individuals wear beepers on few or many occasions.

[Appellant's Counsel]: Objection. Your Honor, I object to this. First of all, it is hearsay. It is relating to third parties and has nothing to do with my client. It is irrelevant to any issue in this case. It is based on speculation from this Officer. It is opinion testimony that is relating to third parties.

[Court]: All right. The objection is overruled.

Q: Did I finish my question?

A: Yes, sir.

Q: Let me start over. In your six years experience with the narcotics division and your training with the Houston Police Department have you seen individuals wear beepers on few or many occasions.

A: Many occasions.

Q: And based on your experience and your training, what have people worn these beepers for that you have come into contact with?

[Appellant's Counsel]: Objection, Your Honor. I make the same objection. Can also incorporate—

[Court]: Overruled. And for the intent of the record you have a running objection for every witness as to this line of questioning.

Q: You may answer the question.

A: *Numerous people that we arrest and come in contact with that are in the drug trade wear beepers to receive phone calls.*

(Emphasis added.)

Appellant called Parker, who was arrested in the same drug bust, as a defense witness. Parker testified that appellant was playing a video game using both hands when the officers entered the convenience store, and that the cocaine belonged to him. During direct examination, Parker was not questioned about beepers, but on cross-examination, the prosecutor elicited the following testimony:

Q: Had you ever seen [appellant] carry a beeper before?

[Appellant's Counsel]: Objection, may we approach the bench?

[Court]: No, we have already—that's what was part of the motion in limine. You have a running objection to that. Overruled.

Go ahead.

[Appellant's Counsel]: Your Honor, again, I object. He is asking on other instances other than the date of this instance and that was not included in my motion in limine and I particularly object to that. It is inadmissible character evidence, Judge.

[Court]: Well, overruled.

Go ahead.

Parker then testified he had never seen appellant carry a beeper. Later during cross-examination, the prosecutor elicited the following testimony from Parker:

Q: In your dealings with these people who you bought cocaine from, isn't it true that many of them wear beepers?

A: Yes.

Q: In fact, probably almost all of them do; don't they?

A: Yes.

Q: And can you tell us why they wear beepers?

[Appellant's Counsel]: Your Honor, I have the same objection that applies to this witness?

[Court]: All right.

Q: Can you tell the jury why these people wear beepers?

A: Business.

During closing arguments, the prosecutor referred to the fact a beeper was found on appellant when he was arrested:

[Prosecutor]: Officer Kwiatkowski said he found a beeper on the defendant's belt underneath his coat. I asked [Parker]: Did [appellant], a person, a good friend he has known for a year, a year prior to his arrest, did he have any kind of job that would require his use of a beeper?

No.

Does this man look like a lawyer—

[Appellant's Counsel]: Objection.

[Prosecutor]: —as Defense Counsel said?

[Appellant's Counsel]: That is a misstatement of fact. That's not what [Parker] said.

[Prosecutor]: That's exactly what he said.

[Court]: The jury will remember what [Parker] testified to.

Let's proceed.

[Prosecutor]: [Parker] said he did not have a job that would require the use of a beeper. And, yet, there is [appellant] wearing a beeper on that night. And [Kwiatkowski] sees him drop two rocks of cocaine to the ground. It all comes down to whether you are going to believe [Kwiatkowski], the credibility of his testimony.

The State argues the testimony regarding the use of beepers in illegal drug trading was not hearsay, but was the witnesses' personal knowledge. The State contends this point of error should be overruled, since the point complains only of the improper admission of hearsay, and no hearsay evidence was admitted. We disagree. The objection at trial was not limited to hearsay, but complained the testimony was opinion evidence concerning unrelated third parties, not relevant to any issue in the case, and speculation as it applied to appellant being a drug dealer. The objection certainly directed the trial court's attention to the same complaint appellant made on at least two occasions before trial. See Zillender v. State, 557 S.W.2d 515, 517 (Tex.Crim.App.1977) (where correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection).

The objection was proper, timely, and addressed matters previously discussed with the trial court concerning testimony that proved unrelated acts of criminal conduct. The thrust of appellant's contention below and on appeal is that the testimony was inadmissible evidence of extraneous criminal conduct under Tex.R.Crim.Evid. 404(b). See Montgomery v. State, 810 S.W.2d 372, 387–90 (Tex.Crim.App.1990) (op. on reh'g); Tex.R.App.P. 52(a).

Additionally, the State argues that even if the evidence refers to extraneous conduct under rule 404(b), the testimony was admissible as proof of appellant's motive for possessing the cocaine, as well as his intent, knowledge, or the absence of any mistake or accident on his part because appellant's evidence indicated someone else possessed the cocaine. This argument has no merit because the State offered the questioned evidence in its case-in-chief, not in rebuttal to a defensive theory. The contradictory testimony establishes a credibility question between the State's and defense's witnesses. Thus, appellant's motive, intent, or knowledge for his alleged

**114**

possession is not at issue. Likewise, there is no issue of accident or mistake to explain possession.

The testimony was inadmissible evidence of extraneous criminal conduct under rule 404(b). This evidence invited the jury to convict appellant of possession because he was a drug dealer in general. *See Albrecht v. State,* 486 S.W.2d 97, 99 (Tex. Crim.App.1972) (accused is entitled to be tried on the accusation in the State's pleading, and not for some collateral crime or being a criminal generally). The evidence about drug dealing was not relevant to any issue in the case and was calculated to prejudice the jury by referring to extraneous matters for which appellant was not on trial. We hold it was error to admit the evidence under rule 404(b).

 We cannot conclude beyond a reasonable doubt that the jury did not use the evidence to convict appellant. *See Harris v. State,* 790 S.W.2d 568, 584–88 (Tex.Crim. App.1989) (discussing how to apply the harmless error analysis); TEX.R.APP.P. 81(b)(2). The State elicited the evidence from two witnesses and referred to it during closing arguments. The evidence that people wearing beepers deal in drugs, together with the prosecutor's closing argument that appellant had no job requiring a beeper, conveyed to the jury an extraneous matter showing other criminal conduct: appellant was a drug dealer because he wore a beeper.

Appellant's first point of error is sustained.

 Appellant's second point of error challenges the sufficiency of the evidence to support his conviction.

In reviewing the sufficiency of the evidence, the inquiry is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154,

160–61, 165 (Tex.Crim.App.1991). The evidence that Kwiatkowski saw appellant drop the cocaine to the ground is sufficient direct evidence to support the conviction. *See Garcia v. State,* No. 683–90, slip op. at 6 n. 8, 1992 WL 116312 (Tex.Crim.App., June 3, 1992) (not yet reported) (marijuana found on person of defendant was direct evidence of knowing possession).

Appellant's second point of error is overruled.

The judgment is reversed, and the cause is remanded for a new trial.