James Earl Kennedy v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-291-CR

     JAMES EARL KENNEDY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 265th District Court
Dallas County, Texas
Trial Court # F99-46469-R
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant Kennedy appeals from his conviction for unlawful possession of cocaine
(enhanced by two prior felony convictions), for which he was sentenced to 17 years in prison.
      Officers Samuel McDonald and Michael Bricker were patrolling in South Dallas as part of
a special drug enforcement unit. They pulled into a driveway next to an apartment complex
known for its drug activity. Officer McDonald noticed two men facing each other against the
wall, and they appeared to be exchanging something. McDonald believed the hand to hand
exchange was a drug transaction. McDonald approached the two men. They both turned and
walked away from each other. As appellant was walking away, he dropped a small clear blue
plastic bag with white powder in it. At the time he dropped the baggie, appellant was about
ten feet from McDonald. McDonald stopped appellant before he turned the corner and, as he
was trying to handcuff appellant, the other suspect got away. Once appellant was handcuffed,
McDonald picked up the baggie and found cocaine inside. Appellant was indicted for
possession of cocaine (less than 1 gram [enhanced by 2 prior felony convictions]). Trial was
to a jury which convicted appellant, found the two alleged enhancements to be true, and
assessed appellant 17 years in prison.
      Appellant appeals on five points of error.
      Point 1. “The trial court erred by allowing the state to exercise its peremptory strikes in a
racially discriminatory manner against three prospective jurors.”
      Specifically, appellant complains the state exercised its peremptory strikes in a racially
discriminatory manner regarding minority jurors (1) Sylvester Lee; (4) Dorothy Prince; and
(14) Marlin McDaniel.
      Batson v. Kentucky, 476 U.S. 79 (1986) and Article 35.261 Tex. Code. Crim. Proc.
prohibit peremptory challenges based on race. Under Batson, once a defendant has established
a prima facia case, the burden shifts to the state to provide race-neutral reasons for striking the
venire members in question. Appellant then has the burden of showing that the race-neutral
reasons articulated by the state were in fact a pretext for discrimination. Williams v. State, 804
S.W.2d 95, 101 (Tex. Crim. App. 1991); Pondexter v. State, 942 S.W.2d 577, 581. In
examining a Batson claim, on appellate review, the reviewing court reviews the record in the
light most favorable to the trial court’s ruling and reverses the trial court’s decision only if it is
left with a definite and firm conviction that a mistake has been committed. Adanandus v.
State, 866 S.W.2d 210, 224 (Tex. Crim. App. 1993). Additionally, absent some other
evidence which rebuts the state’s race-neutral explanation, we will not disturb the trial court’s
finding that the state’s explanation is legitimate. Chambers v. State, 866 S.W.2d 9, 25 (Tex.
Crim. App. 1993); Pondexter, p. 581. The ultimate burden of persuasion regarding racial
motivation rests with, and never shifts from the opponent of the strike, in this case, appellant. 
Ford v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999).
      Appellant contends the reasons offered for the state’s strikes to prospective jurors 1, 4,
and 14 were a sham or pretext for racially motivated strikes.
      Prospective Juror 1. At the Batson hearing, the state explained that juror 1 was struck
because he had a bad experience with the police. Appellant rebutted the state’s explanation by
stating that prospective juror 1 told the prosecution that his experience would not affect his
judgment.
      Striking a prospective juror based on the juror’s statement that he had a bad experience
with police officers is a race-neutral reason for the strike. Davis v. State, 964 S.W.2d 352,
355 (Tex. App.—Ft. Worth, no pet).
      Once the prosecution provides an adequate explanation, then the burden shifts back to the
opponent of the strike to persuade the trial court that the race-neutral explanation is merely a
pretext for purposeful discrimination. Batson, p. 98. Appellants response was that
prospective juror 1 said he could be fair and impartial despite his bad experience with the
police. This does not render the state’s race-neutral explanation a sham or pretext.
      The state’s explanation need not rise to the level of a challenge for cause. Tate v. State,
939 S.W.2d 738, 746-47 (Tex. App. Houston [14th] 1997, pet. ref’d.). Appellant did not
meet his burden of persuasion. There was no evidence to rebut the state’s race-neutral
explanation, and we should not disturb the trial court’s finding that the state’s explanation is
legitimate. Pondexter, p. 581.
      Prospective juror 4. At the Batson hearing, the prosecutor stated she struck prospective
juror 4 because she stated she is a consultant and it would be hard for her to sit in a jury trial
for the next two or three days. Appellant rebutted the state’s explanation by pointing out that
there were several self-employed jurors on the panel and that juror 4 is African-American and
appellant is African-American. Simply stating his disagreement with the state’s explanation is
insufficient to establish show or pretext. Johnson v. State, 959 S.W.2d 284, 289 (Tex.
App.—Dallas 1997, pet. ref’d.). Absent evidence to rebut the state’s race-neutral explanation,
we should not disturb the trial court’s finding that the state’s explanation is legitimate. 
Pondexter, p. 581.
      Prospective juror 14. At the Batson hearing, the prosecutor stated she struck juror 14
because he believed drugs should be legalized and he was not the best juror for this type of
case. Appellant attempted to rebut the state’s explanation by stating he did not hear the
prospective juror express that drugs should be legalized. The trial judge however did hear
juror 14 express that drugs should be legalized.
      The reason stated by the prosecutor was race-neutral. Cantu v. State, 842 S.W.2d 667,
682 (Tex. Crim. App. 1992). Absent evidence to rebut the state’s race-neutral explanation, we
should not disturb the trial court’s finding that the state’s explanation is legitimate. Pondexter,
p. 581. Appellant did not rebut the prosecutor’s explanation.
      Point 1 is overruled.
      Point 2. “The trial court abused its discretion by failing to suppress all evidence obtained
as a result of a warrantless illegal arrest.”
      Point 3. “The trial court abused its discretion by failing to suppress all evidence obtained
because the police officer had no probable cause to detain and arrest appellant.”
      The trial court conducted a suppression hearing, after which it overruled appellant’s
motion to suppress.
      The standard for reviewing the trial court’s suppression ruling is set forth in Guzman v.
State, 955 S.W.2d 85, 87, 88 (Tex. Crim. App. 1997). Appellate courts should afford almost
total difference to the trial court’s ruling on mixed questions of law and fact if the resolution of
those ultimate questions turns on an evaluation of credibility and demeanor. The appellate
courts may review de novo mixed questions of law and fact not falling within this category. 
Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999).
      As the movant to suppress evidence, a defendant must prove (1) that a search or seizure
occurred and (2) that no warrant was obtained. Johnson v. State, 864 S.W.2d 708, 714 (Tex.
App.—Dallas 1993, aff’d, 912 S.W.2d 227 (Tex. Crim. App. 1995). Once the defendant
meets this burden, the burden shifts to the state to provide the reasonableness of the search or
seizure. Id. The Fourth Amendment bridles the government’s power to invade a person’s
privacy by requiring a showing of probable cause. Woods v. State, 956 S.W.2d 33, 35 (Tex.
Crim. App. 1997). In this case, the seizure occurred without a warrant. The trial court
determined the seizure was reasonable and overruled appellant’s motion to suppress.
      Probable cause to arrest without a warrant exists if at the moment of arrest “the facts and
circumstances within the officer’s knowledge and of which the officer had reasonably
trustworthy information were sufficient to warrant a prudent man in believing the arrested
person had committed or was committing an offense.” Brown v. State, 986 S.W.2d 50, 52
(Tex. App.—Dallas 1999, no pet.). We examine the totality of the circumstances to determine
whether probable cause existed at the time of the warrantless arrest. An officer may arrest a
suspect for an offense committed within his presence. Tex. Code Crim. P. Art. 14.01.
      This court must decide whether Officer McDonald had probable cause under the totality of
the circumstances to justify a warrantless arrest of appellant. Officer McDonald saw what he
believed was a hand to hand money exchange in the apartment parking lot. The officer got out
of his car and approached appellant. Appellant turned to walk away. The officer saw
appellant drop a small clear blue plastic bag containing white powder and was aware that
narcotics are frequently packaged in baggies such as the one dropped by appellant. The officer
could suspect appellant in possession of a controlled substance, and thus had probable cause to
arrest appellant. Mayham v. State, 795 S.W.2d 285, 289 (Tex. App.—Houston [14th] 1990,
no pet.).
      Further, appellant abandoned the cocaine before he was arrested. When police take
possession of abandoned property, there is not a seizure under the Fourth Amendment. 
Hawkins v. State, 758 S.W.2d 255, 257 (Tex. Crim. App. 1988). A person who drops
contraband onto the ground in the sight of a police officer should not be heard to complain that
his rights were violated by his subsequent arrest. Mayham, p. 289.
      There was no improper seizure of evidence and the trial court correctly overruled
appellant’s motion to suppress.
      Points 2 and 3 are overruled.
      Point 4. “The evidence is factually insufficient to link appellant to the cocaine found on
the ground.”
      Point 5. “The evidence is legally insufficient to sustain appellant’s conviction that he
possessed less than 1 gram of cocaine as alleged in the indictment.”
      In reviewing the legal sufficiency challenge, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential statements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).
      In reviewing a factual sufficiency challenge, we view all the evidence without the prism of
“in the light most favorable to the verdict and set aside the verdict if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Examples of such a
wrong and unjust verdict including instances in which the jury’s finding is manifestly unjust,
shocks the conscience, or clearly demonstrates bias. Clewis v. State, 922 S.W.2d 126, 131-32
(Tex. Crim. App. 1996); Jones, p. 647-48.
      The jury was instructed to convict appellant if they found that he knowingly or
intentionally possessed cocaine. The direct or circumstantial evidence must affirmatively link
the accused to the contraband, but it need not be so strong that it excludes every other
outstanding reasonable hypothesis except the defendant’s guilt. Brown v. State, 911 S.W.2d
744, 748 (Tex. Crim. App. 1995).
      Affirmative links may be established by facts and circumstances that indicate the accused’s
knowledge of and control over the contraband, including the fact that the contraband was in
close proximity to the accused. Grant v. State, 989 S.W.2d 428, 434-35 (Tex. App.—Houston
[14th] 1999, no pet.).
      Appellant was arrested seconds after Officer McDonald saw him drop the baggie
containing the cocaine on the ground. Officer McDonald testified appellant’s dropping of
drugs before being arrested is consistent with what other suspects do in the same situation.
      The evidence affirmatively links appellant to the cocaine seized. When the officer pulled
up to the apartment complex, appellant was standing close with the other suspect. Officer
McDonald, who is familiar with the high crime area and a member of a drug enforcement
force witnessed what he believed was a drug transaction. When appellant and his accomplice
saw McDonald approach, they immediately turned and walked away. Appellant dropped the
blue plastic baggie on the ground, which was later determined to be cocaine. McDonald saw
appellant drop the cocaine, which is sufficient to convict appellant of possession. Nelms v.
State, 834 S.W.2d 110, 112 (Tex. App.—Houston [1st] 1992 pet. ref’d).
      Points 4 and 5 are overruled.
 

      The judgment is affirmed.


                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 31, 2000
Do not publish