Opinion issued April 10, 2003







 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00647-CR
____________
 
STANLEY GARY AARON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 901,454
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Stanley Gary Aaron, guilty of possession of cocaine,
weighing less than one gram by aggregate weight. After appellant pleaded true to the
allegations in two enhancement paragraphs that he had two prior felony convictions,
the jury assessed his punishment at confinement for 15 years. The trial court ordered
that appellant’s 15-year sentence begin after serving his previous 18-year sentence
for possession of a controlled substance. In three points of error, appellant contends
that the evidence was legally and factually insufficient to support his conviction and
that the trial court abused its discretion in cumulating his sentence. We affirm.
Facts
          On February 3, 2002, Houston Police Officer Jon Zurek and his partner, Officer
Rice, patrolled near the Braeswood Harbor Apartments in southeast Houston “looking
for trespassers.” Zurek testified that the apartment complex was a “high” narcotics
area, and the apartment manager had signed a “trespassing affidavit,” allowing the
officers to arrest people who did not belong on the property. Zurek further testified
that “there was sunlight still out” when he saw appellant standing behind some cars
as Zurek drove his patrol car into the apartment complex parking lot. When appellant
saw the officers, he turned around and began “to walk slowly the other direction away
from us.” Zurek testified that he was familiar with many of the residents of the
complex, and because he “did not recognize [appellant], it seemed a little suspicious.” 
          After Zurek parked his patrol car, he “jumped out and tried to get the suspect’s
attention, asked him, you know, [h]ey, where do you live at?” Zurek testified that he
saw appellant “open his left hand as he walked past the bushes and drop something
shiny that came out of his hand.” Zurek further testified that he “kept an eye on what
fell out of [appellant’s] hand and that’s when I picked up the metal pipe.” Zurek
testified that the pipe was empty, except for a black residue, which he believed was
burnt crack cocaine. After arresting appellant, the officers found a brillo pad in
appellant’s pocket during a search and inventory of his property. Zurek testified that
a brillo pad is placed in a pipe to provide space between crack cocaine and the pipe. 
A Houston Police Department chemist testified that both the pipe and the brillo pad
tested positive for the presence of cocaine, and the pipe contained approximately 6.8
milligrams of cocaine.
          Appellant testified that he did not live in the apartment complex, but was there
visiting a friend. Appellant further testified that, at the time of his arrest, he was on
parole for an 18-year sentence for delivery of a controlled substance, he knew the
complex was a “hot area” or a “drug area,” and he knew he could be considered a
trespasser. Appellant stated that the officers made two searches of the area in which
he had been standing, but they did not find anything and started taunting him, “asking
me what did I have and I’m steady constantly telling [Zurek] that I never had
anything.” Appellant testified that Zurek searched a third time “beside the building,”
and “when he returned back, that’s when he threw that piece of thing there on the car
saying this is what I had.” Appellant denied having the pipe in his possession and
stated that he presumed Zurek picked the pipe “off the building somewhere.” 
Appellant also denied having the brillo pad in his possession. Appellant admitted that
he had previous “experience” with crack cocaine and further admitted that he had
smoked crack cocaine “the same day” that he was arrested. 
Sufficiency of the Evidence
          In his first and second points of error, appellant contends that the evidence at
trial was legally and factually insufficient to support his conviction. Specifically,
appellant contends “there is not sufficient evidence that [he] possessed the cocaine
made the basis of this case.”
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. Id.
          The factual sufficiency of the evidence is reviewed by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).
          To establish the unlawful possession of a controlled substance, the State must
show that (1) a defendant exercised care, custody, control, or management over the
controlled substance, and (2) that he knew he possessed a controlled substance. Tex.
Health & Safety Code Ann. §§ 481.002(38), 481.115 (Vernon Supp. 2003);
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). If the controlled
substance can be seen and measured, the amount is sufficient to establish the
defendant knew it was a controlled substance. Mayes v. State, 831 S.W.2d 5, 7 (Tex.
App.—Houston [1st Dist.] 1992, no pet.); Jarrett v. State, 818 S.W.2d 847, 848 (Tex.
App.—Houston [1st Dist] 1991, no pet.).
          In regard to legal sufficiency, appellant argues that Zurek never saw appellant
smoke from the pipe, the pipe was not warm or hot from use, and appellant’s
fingerprints were not found on the pipe. Appellant further argues that no controlled
substances were found on appellant, and even though appellant admitted to having
smoked crack cocaine on the day of his arrest, there was no evidence that appellant
was under the influence of crack cocaine. In addition, appellant argues that since the
pipe was found in a “public place” described as a “high narcotic area,” the “crack pipe
could have been abandoned, or left, by any of the many drug users who frequented
that area.”
          The record reflects that appellant saw the patrol car and began walking away
from the officers. Officer Zurek began to follow appellant, and he saw appellant drop
the pipe from his left hand to the ground. See Nelson v. State, 834 S.W.2d 110, 114
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d) (holding evidence was legally
sufficient when police officer saw appellant drop cocaine to the ground). The record
further reflects that the pipe was found where appellant had been standing and that
there was no other person in proximity. Officer Zurek testified that the pipe had some
residue of crack cocaine in it, and the burnt area and residue indicated to him that the
pipe had been used for smoking crack cocaine. Furthermore, the Houston Police
Department chemist testified that residue on the inside of the pipe was visible and that
it tested positive for cocaine. 
          Thus, we hold that, under the totality of the circumstances, the evidence was
legally sufficient to support appellant’s conviction.
          We overrule appellant’s first point of error.
          In regard to factual sufficiency, appellant contends that “Zurek’s testimony is
fraught with overt bias” because Zurek “acknowledged he was looking for
‘trespassers,’ i.e. people he can arrest.” Appellant argues that because he “knew that
‘a lot’ of police patrolled the area” it was “very unlikely that he would carry a crack
pipe in his hand.” Appellant further contends that there was no physical evidence that
he possessed the pipe, the “fading light at dusk did not provide optimum conditions,”
and “there was ample opportunity for other drug users to have dropped the pipe in
question.”
          Here, the evidence in the record supports a finding that appellant dropped a
pipe containing 6.8 milligrams of cocaine and possessed a brillo pad which tested
positive for cocaine. Appellant’s evidence does not demonstrate that the proof of
guilt is so obviously weak as to undermine confidence in the jury determinations or
was greatly outweighed by contrary proof. Evidence is not factually insufficient
merely because a defendant testifies to a different version of the facts. Goodman v.
State, 66 S.W.3d 283, 284-87 (Tex. Crim. App. 2002).
          Thus, we hold that the evidence was factually sufficient to support appellant’s
conviction.
          We overrule appellant’s second point of error.Sentencing
          In his third point of error, appellant contends that the trial court erred in
cumulating his sentence because his conviction was “not a crime of violence,” no
weapon was involved, “the amount of narcotics involved in this case was minuscule,”
and appellant promised to turn his life around and give “[his] life back to God.”
          In order to be eligible for cumulative sentencing, a defendant must have “been
convicted in two or more cases,” and the sentence in the earlier case or cases must not
have been fully served. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp.
2003). A trial judge has the discretion to cumulate the sentences for two or more
convictions. Id. An abuse of discretion generally will be found only if the trial court
imposes consecutive sentences where the law requires concurrent sentences, where
the trial court imposes concurrent sentences but the law requires consecutive ones,
or where the court otherwise fails to observe the statutory requirements pertaining to
sentencing. Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex. App.—Houston [14th
Dist] 2001, pet. ref’d).
          Here, the record indicates that appellant was on parole for a prior conviction,
delivery of a controlled substance, and had not completed his 18-year sentence. The
record also shows that appellant pleaded “true” to an enhancement paragraph alleging
that he previously committed the felony offense of delivery of a controlled substance. 
The Texas Controlled Substances Act does not prevent a trial court from imposing
consecutive sentences. See Tex. Health & Safety Code Ann. §§ 481.001-.205
(Vernon 1992 & Supp. 2003). Even though appellant argued that he would attempt
to rehabilitate himself, the record shows that appellant had a lengthy criminal history,
including convictions for theft, aggravated assault, and robbery.
          Thus, we find the trial court did not abuse its discretion in cumulating
appellant’s sentence.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).