ACCEPTED
01-14-0884-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/9/2015 11:02:43 AM
CHRISTOPHER PRINI
CLERK

## NO. 01-14-0884-CR

IN THE COURT OF APPEALS

FIRST JUDICIAL DISTRICT

AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/9/2015 11:02:43 AM

CHRISTOPHER A. PRINE
Clerk

----------------------------------------------------------------------------------------

ERIK FORREST FRIEND
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

----------------------------------------------------------------------------------------

ON APPEAL FROM COUNTY COURT AT LAW NO. 3
OF BRAZORIA COUNTY, TEXAS

----------------------------------------------------------------------------------------

BRIEF FOR APPELLANT

----------------------------------------------------------------------------------------

**BRIAN W. WICE**

The Lyric Centre
440 Louisiana
Suite 900
Houston, Texas 77002-1635
(713) 524-9922 PHONE
(713) 236-7768 FAX

COUNSEL FOR APPELLANT
**ORAL ARGUMENT REQUESTED**

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX.R.APP.P. 38.1(a), a list of the names and addresses of all interested parties is provided below so the members of this Honorable Court may determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Complainant:**
the State of Texas

**Appellant or criminal Defendant:**
Erik Forrest Friend

**Trial counsel for Appellant:**

| | |
|---|---|
| Steve Gonzalez | Jed Silverman |
| 1520 Texas 6 | 1221 Studewood |
| Alvin, Texas 77511 | Houston, Texas 77008 |

**Counsel on Appeal for the Appellant:**
Brian W. Wice
440 Louisiana Suite 900
Houston, Texas 77002-1635

**Counsel for the State:**
Aaron Perry & Rachel Schneider
Brazoria County District Attorney's Office
111 East Locust Fourth Floor
Angleton, Texas 77515

**Trial Judge:**
Honorable Jeremy Warren
Presiding Judge
County Court at Law No. 3
Brazoria County, Texas

i

# TABLE OF CONTENTS

PAGE

IDENTIFICATION OF THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT OF ERROR NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

The trial court erred in overruling Appellant's
objection to State's Exhibit No. 2 in violation of Art.
38.22, § 2(b) of the Code of Criminal Procedure,
because it failed to show on its face that Appellant
knowingly, intelligently, and voluntarily waived all
of those rights set out in Art. 38.22, § 2(a)(1-5).

POINT OF ERROR NUMBER TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

The trial court erred in overruling Appellant's
objection to that portion of State's Exhibit No. 2 in
which he exercised his right to silence, in violation
of the Fifth Amendment to the United States
Constitution.

POINT OF ERROR NUMBER THREE . . . . . . . . . . . . . . . . . . . . . . . . . 6

The trial court erred in overruling Appellant's
objection to that portion of State's Exhibit No. 2 in
which he exercised his right to silence, in violation
of Art. I, § 10 of the Texas Constitution.

POINT OF ERROR NUMBER FOUR . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      The trial court erred in overruling Appellant's
      objection to that portion of State's Exhibit No. 2 in
      which he exercised his right to silence, in violation
      of Rule 401 of the Rules of Evidence.

POINT OF ERROR NUMBER FIVE . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      The trial court erred in overruling Appellant's
      objection to that portion of State's Exhibit No. 2 in
      which he exercised his right to silence, in violation
      of Rule 403 of the Rules of Evidence.

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A.  The Hearing Outside the Jury's Presence . . . . . . . . . . . 7

B.  The Trial Court's Ruling
     Admitting State's Exhibit No. 2 . . . . . . . . . . . . . . . . . . . 9

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . 10

A.  The Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.  Art. 38.22, § 2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

C.  The Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . 17

D.  Art. I, § 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

E.  Rule 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

F.  Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

G.  This Constitutional Error was Not Harmless Beyond
     A Reasonable Doubt Pursuant to Rule 44.2(a) . . . . . . . 26

H.  Alternatively, this Non-Constitutional
Error Violated Appellant's Substantial
Rights Pursuant to Rule 44.2(b) . . . . . . . . . . . . . . . . . . 32

POINT OF ERROR NUMBER SIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

The trial court erred in overruling Appellant's
objection after the prosecutor improperly
commented on Appellant's post-arrest silence
during final argument of the guilt-innocence stage
of trial, in violation of the Fifth Amendment to the
United States Constitution.

POINT OF ERROR NUMBER SEVEN . . . . . . . . . . . . . . . . . . . . . . . . . . 37

The trial court erred in overruling Appellant's
objection after the prosecutor improperly
commented on Appellant's post-arrest silence
during final argument of the guilt-innocence stage
of trial, in violation of Art. I, § 10 of the Texas
Constitution.

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . 38

A.  The Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . 38

B.  The Prosecutor's Improper Comment Violated
the Fifth Amendment and Art. I, § 10 . . . . . . . . . . . . . 40

C.  The Prosecutor's Improper Final Argument
Was Constitutional Error Requiring Reversal . . . . . . . 42

POINT OF ERROR NUMBER EIGHT ......................... 48

       The trial court erred in denying Appellant's motion for mistrial after the prosecutor improperly argued that Appellant had "hired a dream team to sit there with him" during final argument of the guilt-innocence stage of trial, in violation of Art. 38.38 of the Code of Criminal Procedure.

       STATEMENT OF FACTS ............................. 48

       ARGUMENT AND AUTHORITIES ...................... 50

       A. The Standard of Review .......................... 50

       B. The Prosecutor's Final Argument Violated Art. 38.38 . 51

       C. This Improper Argument Affected
          Appellant's Substantial Rights .................... 53

       1. Severity of the Misconduct ....................... 54

       2. Steps Taken to Cure the Misconduct ............... 54

       3. Certainty of Conviction Absent the Error ........... 55

       4. Conclusion ..................................... 57

CONCLUSION AND PRAYER ............................ 58

CERTIFICATE OF SERVICE ............................. 58

CERTIFICATE OF COMPLIANCE ......................... 59

# INDEX OF AUTHORITIES

**PAGE**

<u>CASES</u>:

Alejandro v. State, 493 S.W.2d 230 (Tex.Crim.App. 1973) . . . . . . 39,50

Archie v. State, 340 S.W.3d 734 (Tex.Crim.App. 2011) . . . . . . . . . . . . 54

Barnum v. State, 7 S.W.3d 782
(Tex.App.– Amarillo 1999, pet. ref'd) . . . . . . . . . . . . . . . . . . . . 29,45,54

Bhakta v. State, 981 S.W.2d 293
(Tex.App.– San Antonio 1998, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . 41

Booker v. State, 103 S.W.3d 521
(Tex.App.– Fort Worth 2003, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . 33

Borjan v. State, 787 S.W.2d 53 (Tex.Crim.App. 1990) . . . . . . . . . . 39,51

Breeding v. State, 809 S.W.2d 661
(Tex.App. – Amarillo 1991, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . 10,11

Brown v. State, 270 S.W.3d 564 (Tex.Crim.App. 2008) . . . . . . . . . 39,50

Brown v. State, 757 S.W.2d 739 (Tex.Crim.App. 1988) . . . . . . . . . . . . 22

Brown v. State, 978 S.W.2d 708
(Tex.App.– Amarillo 1998, pet. ref'd) . . . . . . . . . . . . . . . . . . . . 33,45,54

Bruton v. United States, 391 U.S. 123 (1968) . . . . . . . . . . . . . . . . . . . 22

Buitureida v. State, 684 S.W.2d 133
(Tex.App.– Corpus Christi 1984, pet. ref'd) . . . . . . . . . . . . . . . . . . . . 41

Burnett v. State, 88 S.W.3d 633 (Tex.Crim.App. 2002) . . . . . . . . . . . . 33

Bush v. State, 2014 WL 309780
  (Tex.App. – San Antonio 2014, no pet.) . . . . . . . . . . . . . . . . . . . . . 56,57

Byas v. State, 906 S.W.2d 86
  (Tex.App.– Fort Worth 1995, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . 53

Colorado v. Connelly, 479 U.S. 157 (1986) . . . . . . . . . . . . . . . . . . . . . . 13

Conway v. State, 625 S.W.2d 35
  (Tex.App.– Eastland 1981, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . 41

Contreras v. State, 915 S.W.2d 510
  (Tex.App.– El Paso 1995, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . 22

Cooper v. State, 961 S.W.2d 222
  (Tex.App.– Houston [1ˢᵗ Dist.] 1997, pet. ref'd) 20,21,23,28,29,30,44,47

Crocker v. State, 248 S.W.3d 299
  (Tex.App.– Houston [1ˢᵗ Dist.] 2007, pet. ref'd) . . . . . . . . . . . . . . . . 42

Cruz v. State, 122 S.W.3d 309
  (Tex.App. – Houston [1ˢᵗ Dist.] 2003, pet. ref'd) . . . . . . . . . . . . . . . . 22

Delane v. State, 369 S.W.3d 412
  (Tex.App.– Houston [1ˢᵗ Dist.] 2012, pet. ref'd) . . . . . . . . . . . . . . 32,34

Dinkins v. State, 894 S.W.2d 330 (Tex.Crim.App. 1995) . . . . . . . . . . . 40

Doyle v. Ohio, 426 U.S. 610 (1976) . . . . . . . . . . . . . . . . . . . . . 17,18,40

Garcia v. State, 919 S.W.2d 370 (Tex.Crim.App. 1994) . . . . . . . 15,16,29

Garcia v. State, 880 S.W.2d 497
  (Tex.App.– Corpus Christi 1984, pet. ref'd) . . . . . . . . . . . . . . . . . . . 41

Gigliobianco v. State, 210 S.W.3d 637 (Tex.Crim.App. 2006) . . . . . . . 24

Godfrey v. State, 859 S.W.2d 583
(Tex.App.– Houston [14th Dist.] 1993, pet. ref'd) . . . . . . . . . . . . 28,44

Gongora v. Thaler, 710 F.3d 267 (5th Cir. 2013) . . . . . . . . . . . . . . . 44,46

Gray v. State, 986 S.W.2d 814
(Tex.App.– Beaumont 1999, no pet.) . . . . . . . . . . 19,20,29,30,46,52,56

Guzman v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997) . . . . . . . . . . . 11

Hadden v. State, 829 S.W.2d 838
(Tex.App.– Corpus Christi 1992, pet. ref'd) . . . . . . . . . . . . . . . . . 27,43

Hampton v. State, 121 S.W.3d 778
(Tex.App.– Austin 2003, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . 46

Hardie v. State, 807 S.W.2d 319 (Tex.Crim.App. 1991) 18,20,21,23,25,52

Harris v. State, 790 S.W.2d 652 (Tex.Crim.App. 1989) 26,27,31,42,43,47

Harris v. State, 122 S.W.3d 871
(Tex.App.– Fort Worth 2003, pet. ref'd) . . . . . . . . . . . . . . . . . . . . 39,50

Hebert v. State, 836 S.W.2d 252
(Tex.App.– Houston [1st Dist.] 1992, pet. ref'd) . . . . . . . . . . . . . . . . 11

Jamail v. State, 787 S.W.2d 380 (Tex.Crim.App. 1990),
*overruled on other grounds,*
Hardie v. State, 807 S.W.2d 319 (Tex.Crim.App. 1991) . . . . . . . 23,25

Johnson v. State, 43 S.W.3d 1 (Tex.Crim.App. 2001) . . . . . . . . . . . . . 33

Joseph v. State, 309 S.W.3d 20 (Tex.Crim.App. 2010) . . . . . . . . . . . . 17

Kalisz v. State, 32 S.W.3d 718
(Tex.App.– Houston [14th Dist.] 2000, pet. ref'd) . . . . . . . . . . . . 18,52

Kelly v. State, 321 S.W.3d 583
(Tex.App.– Houston [14th Dist.] 2010, no pet.)  . . . . . . . . . . . . . . . . . 55

King v. State, 953 S.W.2d 266 (Tex.Crim.App. 1997)  . . . . . . . . . . 32,53

Lajoie v. State, 237 S.W.3d 345
(Tex.App.– Fort Worth 2007, no pet.)  . . . . . . . . . . . . . . . . . . 23,26,36

Leos v. State, 883 S.W.2d 209 (Tex.Crim.App. 1994)  . . . . . . . . . . 27,43

Lopez v. State, 314 S.W.3d 54
(Tex.App.– San Antonio 2010, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . 15

Loy v. State, 982 S.W.2d 616
(Tex.App.– Houston [1st Dist.] 1998, no pet.) .  19,28,29,30,44,47,52,56

Marsh v. State, 115 S.W.3d 709
(Tex.App.– Austin 2003, pet. ref'd)  . . . . . . . . . . . . . . . . . . . . . . 28,45

Mayes v. State, 816 S.W.2d 79 (Tex.Crim.App. 1991) . . . . . . . . . . . . 22

McCarthy v. State, 65 S.W.3d 47 (Tex.Crim.App. 2001)  . . . . . . . . . . 32

McGautha v. California, 402 U.S. 183 (1971) . . . . . . . . . . . . . . . . . . 12

McKay v. State, 707 S.W.2d 23 (Tex.Crim.App. 1985)  . . . . . . . . . . . 55

Miranda v. Arizona, 384 U.S. 436 (1966) . . . . . . . . . . . . . 13,14,17,18,40

Montgomery v, State, 810 S.W.2d 372 (Tex.Crim.App. 1991) . . . . 11,24

Moran v. Burbine, 475 U.S. 412 (1986)  . . . . . . . . . . . . . . . . . . . . . . 14

Mosley v. State, 983 S.W.2d 249 (Tex.Crim.App. 1998)  . . . . . . . . 53,57

Motilla v. State, 78 S.W.3d 352 (Tex.Crim.App. 2002)  . . . . . . . . . . . 33

Nelms v. State, 834 S.W.2d 110
(Tex.App. – Houston [1ˢᵗ Dist.] 1992, pet. ref'd) . . . . . . . . . . . . . . . 34

North Carolina v. Butler, 441 U.S. 369 (1979) . . . . . . . . . . . . . . . . . 13

Opp v. State, 36 S.W.3d 158
(Tex.App.– Houston [1ˢᵗ Dist.] 2000, pet. ref'd) . . . . . . . . . . . . . . . . 29

Peak v. State, 57 S.W.3d 14
(Tex.App.– Houston 14ᵗʰ Dist.] 2001, pet. ref'd) . . . . . . . . . . . . . . 45

Peters v. State, 31 S.W.3d 704
(Tex.App.– Houston [1ˢᵗ Dist.] 2000, pet. ref'd) . . . . . . . . . . . . . . . 35

Pollard v. State, 255 S.W.3d 184 (Tex.App.– San Antonio, 2008)
*aff'd*, 277 S.W.3d 25 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . . 36

Reese v. State, 33 S.W.3d 238 (Tex.Crim.App. 2000) . . . . . . . . . . . 25

Rhyne v. State, 387 S.W.3d 896
(Tex.App.– Fort Worth 2012, no pet.) . . . . . . . . . . . . . . . . . . . . . . 34

Russell v. State, 113 S.W.3d 530
(Tex.App.– Fort Worth 2003, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . 25

Sanchez v. State, 707 S.W.2d 575 (Tex.Crim.App. 1986) . . . . . . . . . . 21

State v. Kelly, 204 S.W.3d 808 (Tex.Crim.App. 2006) . . . . . . . . . . . . 11

State v. Mechler, 153 S.W.3d 435 (Tex.Crim.App. 2005) . . . . . . . . . . 25

Temple v. State, 342 S.W.3d 572
(Tex.App.– Houston [14ᵗʰ Dist.] 2010
*aff'd*, 390 S.W.3d 341 (Tex.Crim.App. 2013) . . . . . . . . . . . . . . . . . . 42

Thompson v. State, 89 S.W.3d 843
(Tex.App.– Houston [1ˢᵗ Dist.] 2002, pet. ref'd) . . . . . . . . . . . . . . 55,57

United States v. Lane, 474 U.S. 438 (1986) . . . . . . . . . . . . . . . . . . . . . . 33

United States v. Murrah, 888 F.2d 24 (5th Cir. 1989) . . . . . . . . . . 39,51

United States v. Walker, 772 F.2d 1172 (5th Cir. 1985) . . . . . . . . . 11,12

Walker v. Packer, 827 S.W.2d 833 (Tex. 1992) . . . . . . . . . . . . . . . . . . 12

Washington v. State, 16 S.W.3d 70
(Tex.App. – Houston [1[st] Dist.] 2000, pet. ref'd) . . . . . . . . . . . 39,51,54

Watts v. State, 371 S.W.3d 448
(Tex.App.– Houston [14[th] Dist.] 2012, no pet.) . . . . . . . . . . . . . . . . 57

West v. State, 124 S.W.3d 732
(Tex.App.– Houston [1[st] Dist.] 2003, pet. ref'd) . . . . . . . . . . . . . . . . 36

Willover v. State, 70 S.W.3d 841 (Tex.Crim.App. 2002) . . . . . . . . . . . 10

Wilson v. State, ___ S.W.3d ___, 2014 WL 6601218
(Tex.App. – Houston [1[st] Dist] November 20, 2014, pet. filed) . . . . . 47

Wilton v. Seven Falls Co., 515 U.S. 277 (1995) . . . . . . . . . . . . . . . . . . 12

Wyborny v. State, 209 S.W.3d 285
(Tex.App.– Houston [1[st] Dist.] 2006, pet. ref'd) . . . . . . . . . . . . . . . . 40

Young v. State, 137 S.W.3d 65 (Tex.Crim.App. 2004) . . . . . . . . . . . . . 54

York v. State, 2008 WL 2677368
(Tex.Crim.App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

**TEXAS CODE OF CRIMINAL PROCEDURE**:

Art. 38.22, §2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9,13,14,16

Art. 38.22, §2(b) . . . . . . . . . . . . . . . . . 4,8,9,12,13,14,15,16,17,26,27,29

Art. 38.38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,51,52,53,55

**TEXAS RULES OF APPELLATE PROCEDURE**:

Rule 39.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 44.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,26,42

Rule 44.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,32,33

**TEXAS RULES OF EVIDENCE**:

Rule 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,8,21,24,32

Rule 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,8,24,32,35

**UNITED STATES CONSTITUTION**:

AMEND. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,8,9,17,20,21,26,40,41,42

AMEND. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TEXAS CONSTITUTION**

Art. I, § 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,8,9,20,21,26,40,41,42

**MISCELLANEOUS**:

Weinstein & Berger, WEINSTEIN'S FEDERAL EVIDENCE (2nd ed. 2000) . 22

## STATEMENT REGARDING ORAL ARGUMENT

This case presents important issues regarding the admission of evidence that the accused invoked his constitutional right to silence while in custody, and the prosecutor's ability to comment on the invocation of this right in final argument. Because oral argument would significantly assist the Court in its decision-making process, argument is warranted in this matter. **See** TEX.R.APP.P. 39.1.

## STATEMENT OF THE CASE

Appellant was charged by information with the misdemeanor offense of driving while intoxicated alleged to have been committed on July 4, 2013. (CR 8). Appellant entered a plea of not guilty.[1] (2 RR 7).

On October 16, 2014, the jury found Appellant guilty. (CR 133 ). That same day, jurors assessed Appellant's punishment at 30 days in jail and a $7,500 fine, and ordered both the fine and jail time probated for a period of 15 months. (CR 145, 149). The trial court's certification of appeal, (CR 152), and notice of appeal, (Supp. CR 4), were timely filed.

---

[1] Appellant rejected the State's offer that he plead guilty to the offense of reckless driving, in exchange for a $200 fine. (2 RR 36-37).

## APPELLANT'S POINTS OF ERROR

## POINT OF ERROR NUMBER ONE

The trial court erred in overruling Appellant's objection to State's Exhibit No. 2 in violation of Art. 38.22, § 2(b) of the Code of Criminal Procedure, because it failed to show on its face that Appellant knowingly, intelligently, and voluntarily waived all of those rights set out in Art. 38.22, § 2(a)(1-5).

## POINT OF ERROR NUMBER TWO

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of the Fifth Amendment to the United States Constitution.

## POINT OF ERROR NUMBER THREE

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of Art. I, § 10 of the Texas Constitution.

## POINT OF ERROR NUMBER FOUR

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of Rule 401 of the Rules of Evidence.

## POINT OF ERROR NUMBER FIVE

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of Rule 403 of the Rules of Evidence.

## POINT OF ERROR NUMBER SIX

The trial court erred in overruling Appellant's objection after the prosecutor improperly commented on Appellant's post-arrest silence during final argument of the guilt-innocence stage of trial, in violation of the Fifth Amendment to the United States Constitution.

## POINT OF ERROR NUMBER SEVEN

The trial court erred in overruling Appellant's objection after the prosecutor improperly commented on Appellant's post-arrest silence during final argument of the guilt-innocence stage of trial, in violation of Art. I, § 10 of the Texas Constitution.

## POINT OF ERROR NUMBER EIGHT

The trial court erred in denying Appellant's motion for mistrial after the prosecutor improperly argued that Appellant had "hired a dream team to sit there with him" during final argument of the guilt-innocence stage of trial, in violation of Art. 38.38 of the Code of Criminal Procedure.

## SUMMARY OF THE ARGUMENT

**1-5.** The trial court erred in overruling Appellant's objections to State's Exhibit No. 2 because it failed to show on its face, the knowing, intelligent and voluntary waiver of his constitutional rights required by Art. 38.22, § 2(b) of the Code of Criminal Procedure. The exhibit also was subject to exclusion under the Fifth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution because it improperly directed the jury's attention to Appellant's state and federally-protected rights to be free from compulsory self-incrimination. Evidence that Appellant invoked his constitutional right to silence is clearly inadmissible because the jury may have construed it adversely to him by improperly considering it as an inference of guilt. The exhibit was also inadmissible in the face of Appellant's objection under Rule 401 of the Rules of Evidence because his exercise of the right to silence carried no probative value and did not make any fact of consequence to this trial more or less likely. The exhibit was also subject to exclusion pursuant to Rule 403 of the Rules of Evidence, because the prejudicial effect of evidence that Appellant invoked his right to silence clearly outweighed its probative value, if any. The admission of the exhibit over Appellant's art. 38.22, § 2(b) and Fifth Amendment and

4

art. I, § 10 objections was constitutional error that was not harmless beyond a reasonable doubt. Alternatively, its admission over Appellant's rule 401 and 403 objections affected his substantial rights.

6-7. The trial court erred in overruling Appellant's objection when the prosecutor improperly commented on his post-arrest silence in summation at the guilt-innocence stage, in violation of the Fifth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution. The argument clearly penalized Appellant for exercising his state and federal constitutional rights to remain silent. Because all of the rule 44.2(a) harm factors fall on Appellant's side of the ledger, this constitutional error was not harmless beyond a reasonable doubt.

8. The trial court erred in denying Appellant's motion for mistrial after the prosecutor improperly argued that Appellant had "hired a dream team to sit there with him" during final argument in the guilt-innocence stage, in violation of Art. 38.38 of the Code of Criminal Procedure by improperly alluding to Appellant having hired counsel. Because this argument was inherently inflammatory, and could not have been cured by an instruction to disregard, and because the certainty of conviction absent this comment was minimal, a mistrial was the only remedy to cure this misconduct.

## POINT OF ERROR NUMBER ONE

The trial court erred in overruling Appellant's objection to State's Exhibit No. 2 in violation of Art. 38.22, § 2(b) of the Code of Criminal Procedure, because it failed to show on its face that Appellant knowingly, intelligently, and voluntarily waived all of those rights set out in Art. 38.22, § 2(a)(1-5).

## POINT OF ERROR NUMBER TWO

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of the Fifth Amendment to the United States Constitution.

## POINT OF ERROR NUMBER THREE

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of Art. I, § 10 of the Texas Constitution.

## POINT OF ERROR NUMBER FOUR

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of Rule 401 of the Rules of Evidence.

## POINT OF ERROR NUMBER FIVE

The trial court erred in overruling Appellant's objection to that portion of State's Exhibit No. 2 in which he exercised his right to silence, in violation of Rule 403 of the Rules of Evidence.

## STATEMENT OF FACTS

### A. *The Hearing Outside the Jury's Presence*

Department of Public Safety Trooper Joel Gonzalez identified State's Exhibit No. 2 as a "DWI INTERVIEW WITH LEGAL WARNINGS," that he gave to Appellant while the latter was in custody at the Oyster Creek Jail. (3 RR 203, 211). Gonzalez explained each of the warnings to Appellant, who stated that he understood them. (3 RR 203). He opined that Appellant knowingly, intelligently and voluntarily waived his rights, and agreed to speak to Gonzalez, after Appellant signed the document. (3 RR 203).

Gonzalez admitted that the document did not contain Appellant's initials indicating he understood each of the five warnings, the document was filled out in Gonzalez's handwriting, and their interview was not recorded, even though Gonzalez had the capability to do so. (3 RR 204-205). While Appellant answered some of the questions contained on the document, (3 RR 209), Gonzalez stated that Appellant responded, "not saying" in response to those questions asking:

- Have you been drinking?

- What [have you been drinking]?

- How much [have you been drinking]?

- Time of last drink?

(3 RR 206-208).

Appellant testified that he did not recall Gonzalez reading him the warnings that appeared at the top of State's Exhibit No. 2. (3 RR 212). While Appellant, who was not a lawyer, answered certain questions on the document, he elected to exercise his right to remain silent, by using the words "not saying," and by refusing to answer the four questions having to do with his consumption of alcohol, set out above. (3 RR 214-215).

When the State offered State's Exhibit No. 2, Appellant objected to it on the grounds, *inter alia*, that:

- it failed to show on its face that Appellant knowingly, intelligently, and voluntarily waived all of those rights as required by Art. 38.22, § 2(a)(1-5), of the Code of Criminal Procedure.

- the portion of the document where he declined to answer questions about his consumption of alcohol violated his constitutional right to silence in violation of the Fifth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution.

- the portion of the document where he declined to answer questions about his consumption of alcohol was not relevant pursuant to Rule 401 of the Rules of Evidence.

- the portion of the document where he declined to answer questions about his consumption of alcohol was unfairly prejudicial pursuant to Rule 403 of the Rules of Evidence.

(3 RR 220, 222, 235).

### B. The Trial Court's Ruling Admitting State's Exhibit No. 2

In overruling Appellant's objections to State's Exhibit No. 2, the trial court concluded, *inter alia*, that:

- it comported with art. 38.22, § 2(b), in that it recited the five rights set out in § 2(a)(1-5).

- it contained an implicit voluntary, knowing, and intelligent waiver of Appellant's art. 38.22, § 2(a)(1-5) rights.

- it did not constitute a comment on Appellant's invocation of his right to silence, in violation of the Fifth Amendment to the United States Constitution or Art. I § 10 of the Texas Constitution.

- it was relevant.

- it was not more prejudicial than probative.

(3 RR 236-237).

When the State offered State's Exhibit No. 2 before the jury, (3 RR 241), the trial court it admitted it over all of Appellant's objections raised, and overruled, outside the jury's presence. (3 RR 241-242).

During the rebuttal portion of his final argument, the prosecutor directed the jury's attention to the portion of State's Exhibit No. 2[2] where

---

[2] During its deliberations, the jury asked to see "the Troopers [sic] report that shows the responses that [Appellant] gave written by Trooper Gonzales [sic]." (CR 139).

Appellant refused to answer questions as to any alcohol he had consumed and when he had consumed it,[3] reminding jurors that Appellant:

- "was keeping that evidence from you."

- "went from [saying that he had] two to three drinks to not saying anything."

- was "not saying anything to [those questions] ... [b]ecause he knows what that is going to come back as."

(5 RR 57-58).

The trial court overruled Appellant's objections that this argument violated the Fifth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution. (5 RR 58).

## ARGUMENT AND AUTHORITIES

### A. The Standard of Review

Appellate review of the trial court's admission of evidence is limited to whether the trial court has abused its discretion. __Willover v. State__, 70 S.W.3d 841, 845 (Tex.Crim.App. 2002). An abuse of discretion occurs when the trial court acts "arbitrarily and unreasonably, without regard to any guiding rules and principles." __Breeding v. State__, 809 S.W.2d 661, 663

---

[3] This improper final argument comprises Appellant's Points of Error Nos. 6 & 7, *infra*.

(Tex.App.– Amarillo 1991, pet. ref'd). Appellate courts give almost total deference to the trial court's findings of historical fact supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. **Guzman v. State**, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Determinations of the law and its application of the law to the facts that do not turn on an evaluation of credibility and demeanor are reviewed *de novo*. **Id**. When the trial court has not made a finding on a relevant fact, an appellate court can imply the finding that supports the trial court's ruling, if it finds some support in the record. **State v. Kelly**, 204 S.W.3d 808, 818-819 (Tex.Crim.App. 2006).

While the abuse of discretion standard is deferential, it does not insulate the trial court's decision from reversal. **Montgomery v. State**, 810 S.W.2d 372, 392 (Tex.Crim.App. 1991)(op. on rehr'g). "Abuse of discretion does not imply intentional wrong or bad faith, or misconduct, but means only an erroneous conclusion." **Hebert v. State**, 836 S.W.2d 252, 255 (Tex.App.–Houston [1st Dist.] 1992, pet. ref'd). "'Abuse of discretion' is a phrase which sounds worse than it is. The term does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge." **United States v. Walker**, 772 F.2d 1172, 1176 n. 9 (5th Cir.

11

1985). A trial court lacks the discretion to determine what the law is, or in applying the law to the facts, and has no discretion to misinterpret the law. **Walker v. Packer**, 827 S.W.2d 833, 840 (Tex. 1992). "But discretion, to be worthy of the name, is not unchanneled judgment; it is judgment guided by reason and kept within bounds. Otherwise, ... it is 'the law of tyrants: It is always unknown.'" **McGautha v. California**, 402 U.S. 183, 285 (1971)(Brennan, J., *dissenting*); **see also** **Wilton v. Seven Falls Co.**, 515 U.S. 277, 289 (1995)(review for abuse of discretion is not "tantamount to no review at all").

*B. Article 38.22, § 2(b)*

Art. 38.22, § 2 of the Code of Criminal Procedure provides that:

> **Sec. 2.** No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the document that:
>
> **(a)** the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:
>
> **(1)** he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him in court;

12

**(2)** any statement he makes may be used as evidence against him in court;

**(3)** he has the right to have a lawyer present to advise him prior to and during any questioning;

**(4)** if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

**(5)** he has the right to terminate the interview at any time; and

**(b)** *the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.*

(emphasis added).

The State has the burden of showing that a defendant knowingly, voluntarily, and intelligently waived his constitutional rights, **Miranda v. Arizona**, 384 U.S. 436, 444 (1966), and must also demonstrate waiver by a preponderance of the evidence. **Colorado v. Connelly**, 479 U.S. 157, 168 (1986). While a waiver need not assume a particular form and, in some cases, "can be clearly inferred from the action and words of the person interrogated," **North Carolina v. Butler**, 441 U.S. 369, 373 (1979), "a valid waiver will not be presumed simply from the silence of the accused after

13

warnings are given or simply from the fact that a confession was in fact eventually obtained." **Miranda v. Arizona**, 384 U.S. at 475. As the Supreme Court concluded in **Moran v. Burbine**, 475 U.S. 412, 421 (1986), "Only if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the **Miranda** rights have been waived."

It is uncontradicted that Appellant was in custody when he signed the exhibit, and that it did not contain on its face, the statutorily-required language that he "knowingly, intelligently, and voluntarily waived the [Subsection (a)] rights." (3 RR 226). As the trial court pointed out:

- "38.22, Section 2, requires any written statement to have the warnings on them and the waiver on the document, not in a separate recording. It's got to be on the document."

- "[O]n your document, what I see problematic is that you don't have 'knowingly, intelligently, voluntarily waive.'"

- "That's the problem that I see is that 'Section B' is not on the face of State's Exhibit No. 2. It just says the word 'waive.'"

- "I'm not worried about the warnings. I'm worried about the voluntarily, intelligently and knowingly waiver."

(3 RR 227-228).

That the State failed to shoulder its burden of demonstrating a valid

waiver, or to show substantial compliance with the requirements of art. 38.22, § 2(b), is fortified by **Lopez v. State**, 314 S.W.3d 54, 60 (Tex.App. – San Antonio 2010, pet. ref'd), ironically, one of the cases relied upon by the State. (3 RR 228-229). In **Lopez**, the trial court admitted a witness list prepared by the accused while she was in custody, over objection that it did not contain on its face, the § 2(a)(1-5) warnings. The State claimed that it had substantially complied with art. 38.22 because the warnings were orally given to the accused by a deputy, the warnings appeared on a second statement in which she confessed, and the accused initialed and signed a rights card prior to writing out the witness list. **Id**. The court of appeals, however, rejected the State's substantial compliance argument, holding that "our research has failed to disclose any [cases], in which oral warnings or warnings on another document have been held to constitute substantial compliance."[4] **Id**.

The trial court's ruling is also at odds with **Garcia v. State**, 919 S.W.2d 370, 379 (Tex.Crim.App. 1994), where the document on its face

---

[4] Although the court held that the admission of the witness list was harmless and did not affect the defendant's substantial rights because, "Neither the witness list nor testimony about [it] played a major role in the State's case, **id**., for those reasons recounted below, the same cannot be said of the role that State's Exhibit No. 2 played in the State's case.

failed to show a knowing, intelligent, and voluntary waiver of the § 2(a) warnings, even though the accused initialed each of the warnings. The court held that because the language of art. 38.22, § 2(b) is clear and unambiguous, "the Legislature is *constitutionally entitled* to expect that [we] will faithfully follow the specific text that was adopted." **Id**. (emphasis in original)(citation omitted). The court rejected the argument that the document substantially complied with art. 38.22, § 2(b) because:

> The final paragraph on the instant statement is not an express waiver of the rights reflected on the form and the language does not convey the knowing, intelligent waiver required by the statute. Further, the final paragraph does not address each of the rights to be waived under art. 38.22, § 2(b). The instant written statement is clearly more than "technical non-compliance with the statute." ...
>
> Given that there is no waiver *on the face* of the documents, we hold the State failed to comply with art. 38.22, § 2(b) and the trial judge erred in admitting the written statement.

**Id**. (emphasis in original)(citations and footnote omitted).

As in **Garcia**, there was no express waiver on the face of State's Exhibit No. 2 reflecting a knowing, intelligent and voluntary waiver of the rights contained in § 2(a), much less the accused's initials contained on the

16

written statement in **Garcia**.  Because State's Exhibit No. 2 suffered from more than just "technical non-compliance with the statute," the reasoning and analysis in **Garcia** compels the conclusion its admission was error.[5]

## C.  The Fifth Amendment

Almost fifty years ago, in **Miranda v. Arizona**, 384 U.S. 436, 438 n. 37 (1966), the Supreme Court held that it is "impermissible to penalize an individual for exercising his Fifth Amendment privilege[6] when he is under police custodial interrogation.  The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation."  A decade later, in **Doyle v. Ohio**, 426 U.S. 610, 618 (1976), the Supreme Court extended the protections embodied in **Miranda** when it held that the prosecution could not use a defendant's post-arrest silence

---

[5] The trial court found that the warnings on State's Exhibit No. 2 substantially complied with art. 38.22, §2(b), relying on **Joseph v. State**, 309 S.W.3d 20 (Tex.Crim.App. 2010).  (3 RR 236). In **Joseph**, the defendant continued to make inculpatory statements even after he was apprised of his **Miranda** rights, and "urged that the detective stay to listen to his explanation" about his version of events.  **Id**. 22-23, 26.  By contrast in this case, Appellant made it clear to Gonzalez that he was not going to answer questions that might incriminate him, compelling evidence that he had invoked his constitutional right to silence, and that the trial court's conclusion that he had purportedly waived this right was clearly erroneous.  **See id.** at 29 (Cochran. J., *concurring*)("The prosecution's burden is great" when the [accused's waiver of his right to silence] is not express.")(citation omitted).

[6] The Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides in pertinent part that, "No person ... shall be compelled in any criminal case to be a witness against himself."

after receiving **Miranda** warnings to impeach the defendant, holding that, "[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach [him]."

Consistent with **Miranda** and **Doyle**, Texas law makes it clear that jurors may not hear that the defendant exercised any constitutional right, whether to counsel or silence in any encounter with police – videotaped or written – at his trial for the offense of driving while intoxicated. As the Court of Criminal Appeals concluded in this vein:

> We believe that evidence of an accused invoking his or her [constitutional] right[s] ... may indeed be construed adversely to a defendant and may improperly be considered as an inference of guilt. ... Such adverse use of evidence that a defendant invoked a right or privilege which has been granted him, is constitutionally impermissible. ... We therefore hold that evidence of one's invocation of the right to counsel is inadmissible as evidence of guilt.

**Hardie v. State**, 807 S.W.2d 319, 322 (Tex.Crim.App. 1991).

The holding in **Hardie** has compelled reversal where, as here, trial courts have erroneously admitted evidence that the defendant has invoked his constitutional rights to counsel or silence. **See Kalisz v. State**, 32 S.W.3d 718, 723 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd)("Because

18

evidence of an accused invoking his constitutional right to counsel may be construed adversely to a defendant and may improperly be considered as an inference of guilt, the trial court erred in admitting Officer Anderson's query concerning the right to counsel and everything that followed."); **Gray v. State**, 986 S.W.2d 814, 815 (Tex.App.– Beaumont 1999, no pet.)("In accordance with **Hardie** and its progeny, we hold the trial court erred in admitting Gray's invocation of his right to counsel and his right to terminate the interview."); **Loy v. State**, 982 S.W.2d 616, 617 (Tex.App.–Houston [1ˢᵗ Dist.] 1998, no pet.) ("Appellant clearly invoked his right to counsel. Evidence showing that was inadmissible.").

The State asserted that Appellant's written responses that he was "not saying" whether, what, how much and when he had been drinking was not a sufficient invocation of his right to silence.[7] (3 RR 235)("I don't read it ... as him not wanting to talk or invoking any of his rights."). But the State's claim that Appellant's choice of the words "not saying" did not act as an invocation of his right to silence[8] was expressly rejected by this

---

[7] **See** 3 RR 207-208 (Gonzalez refusing to agree with defense counsel that Appellant's written responses were tantamount to him invoking his right to silence.).

[8] **See** 3 RR 214-215 (Appellant's choice of the words "not saying" was his way of exercising his right to remain silent as a layman.).

Court in **Cooper v. State**, 961 S.W.2d 222, 226 (Tex.App.– Houston [1ˢᵗ Dist.] 1997, pet. ref'd):

> Appellant did, however, invoke his right to terminate the interview when he stated, "I'm not answering any questions," and he continued to invoke that right throughout the remainder of the interview. Evidence of invoking the right to terminate an interview is inadmissible as evidence of guilt. See **Hardie v. State**, 807 S.W.2d 319, 322 (Tex.Crim.App. 1991). Although **Hardie** referred specifically to invocation of the right to counsel, we find no reason to differentiate an invocation of the right to terminate.

Because Appellant's written refusals to answer questions relating to whether, what, how much and when he had been drinking was a sufficient invocation of his right to silence, the trial court abused its discretion in overruling Appellant's objections pursuant to the Fifth Amendment to the United States Constitution. See **Hardie v. State**, 807 S.W.2d at 322; **Cooper v. State**, 961 S.W.2d at 226; **Gray v. State**, 986 S.W.2d at 815.

*D. Art. I, § 10*

In the cases noted above, the erroneous admission of evidence that the accused invoked his right to silence was found to have violated the Fifth Amendment to the United States Constitution and Art. I, § 10 of the

20

Texas Constitution.[9] **Hardie v. State**, 807 S.W.2d at 320 ("Appellant objected by way of … [his] rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution [and] Article 1, Secs. 10 and 19 of the Texas Constitution…"); **Cooper v. State**, 961 S.W.2d at 224 (same). Accordingly, admitting that portion of State's Exhibit No. 2 where Appellant invoked his constitutional right to silence was also an abuse of discretion pursuant to Art. I, § 10 of the Texas Constitution, which affords the same, if not greater, protection than the Fifth Amendment.[10] **Sanchez v. State**, 707 S.W.2d 575, 585 (Tex.Crim.App. 1986)Clinton, J., *concurring*) ("The constitutional protection provided by [Art. I] § 10 forbids using mere silence against an accused under arrest…").

## E. Rule 401

TEX.R.EVID. 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

---

[9] Art. I, § 10 of the Texas Constitution provides, in pertinent part, that, "In all criminal prosecutions the accused … shall not be compelled to give evidence against himself."

[10] Art. I, § 10 of the Texas Constitution provides greater protection than the Fifth Amendment in cases where the State seeks to comment on, or impeach the accused with, his post-arrest silence. **Sanchez v. State**, 707 S.W.2d at 580.

21

be without [it]." <u>Mayes v. State</u>, 816 S.W.2d 79, 84 (Tex.Crim.App. 1991). In other words, evidence must satisfy two distinct requirements to be relevant: it must be material and probative. <u>Cruz v. State</u>, 122 S.W.3d 309, 312 (Tex.App.– Houston [1st Dist.] 2003, pet. ref'd). Relevance is not an inherent characteristic of any item of evidence, but exists as a relation between an item of evidence and a matter properly provable in a given case. <u>Contreras v. State</u>, 915 S.W.2d 510, 519 (Tex.App.–El Paso 1995, pet. ref'd). "[F]or an item to alter the probabilities of the existence of the consequential fact and thus be relevant it must logically increase one's knowledge and enhance the likelihood of ascertaining the truth about the fact." <u>Brown v. State</u>, 757 S.W.2d 739, 740 (Tex.Crim.App. 1988). "An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." <u>Bruton v. United States</u>, 391 U.S. 123, 131 n. 6 (1968). As two distinguished legal commentators have remarked, "Even the most comprehensive evidence may not be admitted unless its significance can be ascertained." 2 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE, Sec. 401.04[2][d] (2nd ed. 2000).

Viewed against this backdrop, the trial court abused its discretion

22

in overruling Appellant's relevance objection to that portion of this exhibit where he invoked his constitutional right to silence. It is well settled that the accused's invocation of the constitutional right to either silence or to counsel is inadmissible as evidence of guilt. **Hardie v. State**, 807 S.W.2d at 321(right to counsel); **Cooper v. State**, 961 S.W.2d at 226 (right to terminate interview). Here, evidence that Appellant opted not to answer questions about the amount and time of his consumption of alcohol was neither probative nor material, **see Jamail v. State**, 787 S.W.2d 380, 383 (Tex.Crim.App. 1990)(per curiam), *overruled on other grounds*, **Hardie v. State,** 807 S.W.2d at 322 (defendant's invocation of his constitutional right to counsel had no probative value and was inadmissible under Rule 402), especially since his refusal was written and not oral. **Compare Lajoie v. State**, 237 S.W.3d 345, 353 (Tex.App.– Fort Worth 2007, no pet.)("Here the evidence of Lajoie asking for an attorney does have some probative value as evidence of his speech pattern on the night of his arrest."). The trial court, accordingly, abused its discretion in overruling Appellant's relevancy objection after he invoked his constitutional right not to answer questions relating to whether, what, how much and when he had been drinking. **See Hardie v. State**, 807 S.W.2d at 321; **Cooper v. State**, 961

23

S.W.2d at 226.

## F. Rule 403

Even if the trial court did not abuse its discretion in holding that evidence that Appellant invoked his right to silent was relevant pursuant to rule 401, this evidence was nevertheless subject to exclusion pursuant to TEX.R.EVID. 403.[11]  Evidence is unfairly prejudicial when it has "an undue tendency to suggest that a decision be made on an improper basis." **Montgomery v. State**, 810 S.W.2d at 389. When conducting an analysis under rule 403, the trial court must balance: (1) the inherent probative value[12] of the proffered evidence along with, (2) the proponent's need for the evidence against, (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative value of the evidence, and (6) the likelihood that

---

[11]  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

[12]  See **Gigliobianco v. State**, 210 S.W.3d 637, 641 (Tex.Crim.App. 2006)("probative value means more than simply relevance.").

presentation of the evidence will consume an inordinate amount of time. **State v. Mechler**, 153 S.W.3d 435, 440 (Tex.Crim.App. 2005). In applying these factors, this Court must "do more than decide whether the trial judge did in fact conduct the required balancing between probative and prejudicial value; the trial court's determination must be reasonable in view of all the relevant facts." **Reese v. State**, 33 S.W.3d 238, 241 (Tex.Crim.App. 2000).

First, evidence that Appellant invoked his right to silence has no probative value. **Jamail v. State**, 787 S.W.2d at 383, *overruled on other grounds*, **Hardie v. State,** 807 S.W.2d at 322. Second, the State's need for this evidence was minimal given the other evidence it elicited regarding Appellant's alleged intoxication. **See State v. Mechler**, 153 S.W.3d at 441. Third and fourth, this evidence could have certainly led the jury to convict Appellant on an improper basis, and it was likely given undue weight by the jury in deciding Appellant's guilt, especially in light of the State's emphasis on it at trial and during summation. **See Russell v. State**, 113 S.W.3d 530, 545 (Tex.App.– Fort Worth 2003, pet. ref'd). Accordingly, this Court is constrained to hold that evidence that Appellant invoked his right to silence by refusing to answer those questions regarding whether, what,

how much and when he had been drinking, was inadmissible because its probative value was substantially outweighed by the danger of its unfair prejudice.  **See** <u>Lajoie v. State</u>, 237 S.W.3d at 353 (trial court abused its discretion in admitting evidence that defendant invoked a constitutional right over his rule 403 objection where State's need for this evidence was minimal, evidence could have led jury to convict on improper basis, and evidence had tendency to be given undue weight by jury in determining if defendant was guilty).

### G.  This Constitutional Error was Not Harmless Beyond a Reasonable Doubt Pursuant to Rule 44.2(a)

This Court's task in determining whether the erroneous admission of evidence in the face of his objections pursuant to art. 38.22, § 2(b), the Fifth Amendment, and art. I, § 10, was constitutional error reviewed under TEX.R.APP.P. 44.2(a),[13] is not at all difficult.  In <u>Harris v. State</u>, 790 S.W.2d. 652, 655 (Tex.Crim.App. 1989), the court held that if the error, as here, is of a magnitude that disrupted the jury's orderly evaluation of the evidence, it could not be considered harmless beyond a reasonable doubt.

---

[13] *Constitutional Error.* "If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."

These factors include the source and the nature of the error, the weight a juror likely placed upon the error, whether and to what extent the error was emphasized by the State, and whether the State would be encouraged to repeat the error with impunity in the future if a reviewing court declared it harmless. **Id**.

In conducting this review, this Court must not focus on the propriety of the trial's outcome but rather upon the integrity of the process leading to conviction. **Id**. at 597. "The question in our judgment is whether the jury might have been influenced by an error and not whether in our judgment the correct result was reached." **Leos v. State**, 883 S.W.2d 209, 212 (Tex.Crim.App. 1994). This Court is obligated to review this record in a neutral, impartial and even-handed manner to determine if this error contributed to the conviction, a task that requires more than finding the State's evidence was overwhelming. **See Hadden v. State**, 829 S.W.2d 838, 842 (Tex.App.– Corpus Christi 1992, pet. ref'd).

Here, the source of the error was the State's offering and the trial court's admitting evidence obtained in violation of art. 38.22, § 2(b), that showed Appellant invoked his state and federal constitutional rights to silence, a factor that falls on Appellant's side of the ledger. **See Godfrey**

27

<u>v. State</u>, 859 S.W.2d 583, 585 (Tex.App.–Houston [14th Dist.] 1993, pet. ref'd)(when officer of the court commits an error, "the error is enhanced."). The nature of the error permitted the State to emphasize that Appellant: (1) "was keeping that evidence from you," (2) "went from [saying that he had] two to three drinks to not saying anything," (3) and was "not saying anything to [those questions] ... [b]ecause he knows what that is going to come back as," (5 RR 57-58), a factor weighing heavily in favor of a finding of harm. <u>Cooper v. State</u>, 961 S.W.2d at 227. The probable collateral implications of the error was that Appellant was guilty, not because he was intoxicated, but because he was trying to hide evidence from the jury by invoking his state and federal constitutional rights to silence. See <u>Loy v. State</u>, 982 S.W.2d at 618. Given the State's emphasis on this error at trial and during its summation, and the jury's request to see State's Exhibit No. 2,[14] the jury likely placed great weight upon the error, another factor indicating harm. See <u>Marsh v. State</u>, 115 S.W.3d 709, 721 (Tex.App.– Austin 2003, pet. ref'd) ("The prosecutor in closing ... stressed and overemphasized the erroneously admitted ... evidence."). This tenet

---

[14] ("[W]e would like the Troopers [sic] report that shows the responses that [Appellant] gave written by Trooper Gonzalez [sic]." (CR 139).

is especially true where, as in this case, the State's emphasis on the error is among the final plea made to jurors before retiring to decide Appellant's guilt or innocence. **See Barnum v. State**, 7 S.W.3d 782, 794 (Tex.App.–Amarillo 1999, pet. ref'd).

Finally, and perhaps most important of all, given the sheer number of cases that have been reversed for this same or similar constitutional violation, declaring this error harmless would encourage the State to repeat it with impunity in future cases, as this Court has repeatedly held. **Opp v. State**, 36 S.W.3d 158, 161 (Tex.App.– Houston [1st Dist.] 2000, pet. ref'd)("[I]f we were to declare this error harmless, we cannot say the State would not be encouraged to offer this sort of inadmissible evidence in the future. Even declaring the error harmful and reversing for it, as we did in **Cooper** and **Loy**, has not prevented its recurrence."); **Gray v. State**, 986 S.W.2d at 815 ("It is indisputable that this evidence was inadmissible, as the case law cited herein demonstrates. We are loathe to sanction, much less encourage, the offering of clearly inadmissible evidence."). Moreover, as in **Garcia v. State**, 919 S.W.2d at 381, where the court concluded that the erroneous admission of the defendant's written statement in violation of art. 38.22, § 2(b) was not harmless beyond a reasonable doubt:

> [T]hrough appellant's motion to suppress the signed written statement and his objections at trial, the prosecutor and the trial judge were well aware of the deficiencies present on the face of appellant's written statement. Ignoring the deficiencies, the prosecutor offered, and the trial judge admitted, appellant's signed written statement. Consequently, we believe declaring the error harmless would encourage the State to repeat the error with impunity.

(emphasis added).

While the State will no doubt assert, as it does in every case where constitutional error has tainted the integrity of the trial, that this error is dissipated by overwhelming evidence of guilt, this rote rejoinder will not support the great weight placed upon it. While evidence of Appellant's guilt may be legally sufficient, "it is not so overwhelming that the error's effect upon the jury's function in determining the facts dissipated." **Gray v. State**, 986 S.W.2d at 816. Aside from the boilerplate facts testified to by peace officers in every DWI prosecution,[15] there was no blood or breath test fortifying the State's claim that Appellant was intoxicated. Moreover,

---

[15] The State argued that Appellant failing the horizontal gaze nystagmus test administered by Trooper Gonzalez was compelling evidence of his intoxication. (5 RR 50, 53). Notably, Dr. Juliet Farmer, Appellant's optometrist, testified that because of his amblyopia, Appellant's eyes did not track normally, resulting in a latent horizontal nystagmus, that would account for Gonzalez's testimony that he detected horizontal gaze nystagmus in Appellant's eyes. (4 RR 251-252, 259).

30

in spite of the relatively brief time spent in trial, the jury deliberated from 10:04 a.m. until 4:14 p.m. before finally returning a verdict, (CR 125, 133), compelling evidence, as this Court has held, that the State's proof was hardly overwhelming. **Loy v. State**, 982 S.W.2d at 618-619 ("[T]he jury deliberated on guilt for nearly two hours, possibly indicating it thought the evidence was close.[16] Knowing this, and that the jury asked for the videotape [where the defendant invoked his rights], we cannot conclude with confidence that this error was harmless."); **see also Cooper v. State**, 36 S.W.3d at 160 (rejecting State's claim that evidence was overwhelming where defendant drove up behind marked patrol unit at 110 mph, was weaving and cutting off other traffic, officers chased him for almost three miles to catch him, and he jumped out of his car and left it in drive).

All of the **Harris** factors informing this Court's harm analysis fall on Appellant's side of the ledger. The State's likely riposte that the effect of this error is dissipated by overwhelming evidence of guilt is a non-starter. The State's insistence on offering, and the trial court's decision admitting,

---

[16] Unlike the facts in this case, the defendant in **Loy** was speeding, swerved, and screeched to a halt, ignored multiple requests to exit his vehicle, had such difficulty standing that an officer was called in to keep the defendant from falling, and gave the officers a cup of toilet water instead of a urine sample. **Id**. at 618.

inadmissible evidence that disrupted the jury's orderly evaluation of the evidence compels a reversal of Appellant's conviction. **McCarthy v. State**, 65 S.W.3d 47, 56 (Tex.Crim.App. 2001)("Although we are slow to overturn the verdict of a jury, when fundamental constitutional protections are violated, however innocently, we must uphold the integrity of the law.").

The judgment of conviction entered below must be reversed and the cause remanded for a new trial.

### H. Alternatively, this Non-Constitutional Error Violated Appellant's Substantial Rights Pursuant to Rule 44.2(b)

Alternatively, the erroneous admission of State's Exhibit No. 2, in which Appellant invoked his right to silence in violation of rules 401 and 403, affected his substantial rights under TEX.R.APP.P. 44.2(b).[17] **Delane v. State**, 369 S.W.3d 412, 423 (Tex.App.– Houston [1st Dist.] 2012, pet. ref'd). This rule requires this Court to determine if this error had "a substantial and injurious effect or influence in determining the jury's verdict." **King v. State**, 953 S.W.2d 266, 270 (Tex.Crim.App. 1997). If this Court has "grave doubt" that the result was free from the substantial

---

[17] *Other Errors*: "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

influence of the error, it must treat the error as if it did. <u>United States v. Lane</u>, 474 U.S. 438, 449 (1986); <u>Burnett v. State</u>, 88 S.W.3d 633, 638 (Tex.Crim.App. 2002)("In cases of grave doubt as to the harmlessness the [appellant] must win."); <u>Brown v. State</u>, 978 S.W.2d 708, 716 (Tex.App.– Amarillo 1998, pet. ref'd)(emphasis in original)("The determination of harm is little more than an educated guess. What the jurors *actually* thought persuasive or *actually* considered is seldom, if ever, available to us. So, we ... assess potentialities.").

Appellant is not required to prove harm from this error; it is this Court's duty to review the record and assess harm. <u>Johnson v. State</u>, 43 S.W.3d 1, 4-6 (Tex.Crim.App. 2001). The proper inquiry is whether the error substantially swayed or influenced the verdict. <u>Booker v. State</u>, 103 S.W.3d 521, 538 (Tex.App.– Fort Worth 2003, pet. ref'd). This Court must consider the erroneous admission of evidence that Appellant invoked his right to silence in the context of the entire record, and not merely whether there was sufficient or overwhelming evidence of guilt. <u>Motilla v. State</u>, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002).

In conducting its rule 44.2(b) harm analysis, this Court cannot lose sight of two interrelated considerations. First, if there is any doubt that

this error affected a substantial right, it is dispelled by the prosecutor directing the jury's attention to Appellant's refusal to answer questions as to any alcohol he had consumed, and when he had consumed it, in his rebuttal argument, when defense counsel was powerless to respond:

- Appellant "was keeping that evidence from you."

- Appellant "went from [saying that he had] two to three drinks to not saying anything."

- Appellant was "not saying anything to [those questions] ... [b]ecause he knows what that is going to come back as."

(5 RR 57-58).

This Court has long held that prosecutorial emphasis on erroneously admitted evidence at trial and in final argument, is powerful evidence that an error affecting a substantial right warrants reversal. See **Delane v. State**, 369 S.W.3d at 423 (misapplication of rules of evidence affected substantial rights where State emphasized erroneously admitted evidence during final argument); **Nelms v. State**, 834 S.W.2d 110, 114 (Tex.App. – Houston [1st Dist.] 1992, pet. ref'd)(same); **see also Rhyne v. State**, 387 S.W.3d 896, 906 (Tex.App.– Fort Worth 2012, no pet.)(erroneous admission of breath test result affected substantial rights when State advised jury in summation that breath-test evidence was "best evidence"

34

Appellant was intoxicated.").

Second, that evidence of Appellant's guilt was not overwhelming compels the conclusion that this error, and the State's repeated emphasis on it in final argument, was calculated to make its case significantly more persuasive and Appellant's significantly less so, a factor this Court has relied upon in holding a substantial right has been affected. **See Peters v. State**, 31 S.W.3d 704, 723 (Tex.App.– Houston [1st Dist.] 2000, pet. ref'd). As one appellate court has held in a situation akin to this case, finding the admission of the accused's invocation of a constitutional right over his rule 403 objection affected a substantial right:

> Here the evidence of guilt was hardly overwhelming. The evidence supporting guilt was Lajoie's refusal to perform the breath test, his slow speech, and his poor performance on the horizontal gaze nystagmus test. The only evidence that went squarely to whether Lajoie had lost the normal use of his mental faculties by the consumption of alcohol was Officer Nelson's opinion. ...
>
> After reviewing the whole record, we believe that it is clear that not only was evidence of Lajoie asking for an attorney before the jury, but that the State overtly emphasized and relied on that evidence as proof of his guilt. Therefore, we hold that the error had a substantial and injurious effect or influence in determining the jury's verdict and,

thus, affected Lajoie's substantial rights.[18]

**Lajoie v. State**, 237 S.W.3d at 354-355.

On this record, this Court cannot say with fair assurance that the erroneous admission of evidence that Appellant invoked his constitutional right to silence, and the State's repeated emphasis on it during trial and in summation, did not influence jurors, or had but a slight effect on their verdict. **See e.g.**, **Pollard v. State**, 255 S.W.3d 184, 190 (Tex.App.– San Antonio, 2008), *aff'd*, 277 S.W.3d 25 (Tex.Crim.App. 2009)("[W]e conclude the State's emphasis of the murder conviction prejudiced the jury's decision-making, causing a substantial and injurious effect or influence on the jury's verdict..."); **West v. State**, 124 S.W.3d 732, 736 (Tex.App.– Houston [1st Dist.] 2003, pet. ref'd)(State's emphasis of error during final argument was powerful indicia that trial court's misapplication of rules of evidence affected defendant's substantial rights).

The judgment of conviction entered below must be reversed and the cause remanded for a new trial.

---

[18] Because the court sustained Lajoie's claim that the trial court erred in admitting evidence that he invoked his right to counsel, it did not reach his claim that the trial court erred in admitting evidence that he invoked his right to remain silent. **Id**. at 355 n. 3.

## POINT OF ERROR NUMBER SIX

The trial court erred in overruling Appellant's objection after the prosecutor improperly commented on Appellant's post-arrest silence during final argument in the guilt-innocence stage of trial, in violation of the Fifth Amendment to the United States Constitution.

## POINT OF ERROR NUMBER SEVEN

The trial court erred in overruling Appellant's objection after the prosecutor improperly commented on Appellant's post-arrest silence during final argument in the guilt-innocence stage of trial, in violation of Art. I, § 10 of the Texas Constitution.

## STATEMENT OF FACTS

In the final moments of rebuttal argument, the prosecutor directed the jury's attention to the fact that Appellant declined to answer questions about how much he had to drink, even after being apprised of his **Miranda** warnings by police:

> MR. PERRY: [Appellant] ponders it and he says, "I am going to keep that evidence. He is keeping evidence from you.
>
> And if you want more evidence of that, then just look at this State's Exhibit No. 2. He answers all of these questions. His Miranda warnings were read to him. He signed it. There is a signature. ... Have you been drinking?

37

Now it went from two or three drinks to not saying anything.

MR. SILVERMAN: We object at this point in time.

MR. PERRY: Not saying anything. ...

THE COURT: Hold on. Mr. Perry –

MR. PERRY: Yes, sir.

THE COURT: – if he stands up, just like you did, stop talking.

MR. PERRY: I didn't hear an objection.

MR. SILVERMAN: We're objecting pursuant to the Fifth Amendment of the United States Constitution, Article 1, Section 10 of the Texas Constitution.

THE COURT: Still overruled.

MR. PERRY: Not saying anything to that one. Why not? Because he knows what that is going to come back as.

(5 RR 57-58).

## ARGUMENT AND AUTHORITIES

### A. The Standard of Review

"The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial in order to arrive at a just and

reasonable conclusion based solely on the evidence." **Harris v. State**, 122 S.W.3d 871, 883 (Tex.App.– Fort Worth 2003, pet. ref'd). Permissible jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to argument of opposing counsel; and (4) pleas for law enforcement. **Brown v. State**, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008). As the Court of Criminal Appeals cautioned over forty years ago, "The arguments that go beyond these areas too often place before the jury unsworn, and most times believable testimony of the attorney." **Alejandro v. State**, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973).

The law provides for, and presumes a fair trial for the accused, free from improper prosecutorial argument. **Borjan v. State**, 787 S.W.2d 53, 56 (Tex.Crim.App. 1990). This Court has made it clear that appellate courts should not hesitate to reverse when the State has departed from one of the permissible areas in final argument and engaged in conduct that denies the accused a fair and impartial trial. **Washington v. State**, 16 S.W.3d 70, 73 (Tex.App.–Houston [1ˢᵗ Dist.] 2000, pet. ref'd); **see also United States v. Murrah**, 888 F.2d 24, 27 (5ᵗʰ Cir. 1989)(internal quotation marks omitted)("Rules of fair play apply to all counsel and are to be observed by

39

the prosecution and defense counsel alike. ... If anything, the obligation of fair play by the lawyer representing the government is accentuated. Prosecutors do not have a hunting license exempt from the ethical constraints on advocacy.").

### B. The Prosecutor's Comment on Appellant's Post-Arrest Silence Violated the Fifth Amendment and Art. I, § 10

Prosecutorial comment on a defendant's silence after his arrest and after receiving **Miranda** warnings violates the Fifth Amendment of the United States Constitution, **Doyle v. Ohio**, 426 U.S. 610, 619 (1976), and Art. I, § 10 of the Texas Constitution. **Wyborny v. State**, 209 S.W.3d 285, 291-292 (Tex.App. – Houston [1ˢᵗ Dist.] 2006, pet. ref'd). Such a comment on the defendant's post-arrest silence is tantamount to a comment on his failure to testify at trial because it seeks to raise an inference of guilt arising from the invocation of a constitutional right. **Dinkins v. State**, 894 S.W.2d 330, 356 (Tex.Crim.App. 1995).

The prosecutor's argument that Appellant was "keeping evidence" from the jury as to whether, what, how much, and when he had consumed alcohol "because he knows what that is going to come back as" was clearly and unmistakably calculated to penalize him for his post-arrest silence in

violation of the Fifth Amendment and art. I, § 10. Accordingly, the trial court erred in overruling Appellant's objections on both state and federal grounds to the prosecutor's improper jury argument. See **Bhakta v. State**, 981 S.W.2d 293, 295 (Tex.App.– San Antonio 1998, pet. ref'd)(prosecutor's final argument that, "We have already gone over what he didn't say in his statement, and coincidentally, that he didn't say at the scene, and he didn't tell any officer…" improperly comment on defendant's post-arrest silence); **Garcia v. State**, 880 S.W.2d 497, 499 (Tex.App.– Corpus Christi 1994, no pet.)("The prosecutor's comment in argument is a direct assault on Garcia's constitutionally protected right to remain silent after arrest."); **Buitureida v. State**, 684 S.W.2d 133, 141 (Tex.App.– Corpus Christi 1984, pet. ref'd)(prosecutor improperly commented on defendants' post-arrest silence by arguing, "You got a situation where the Defendants would not talk to the police. They didn't want to talk to the police."); **Conway v. State**, 625 S.W.2d 35, 38 (Tex.App.– Eastland 1981, pet. ref'd)("[A]s the referred to silence was post-arrest, it was not the proper subject of comment by the District Attorney during … closing arguments.").

## C. The Prosecutor's Improper Final Argument was Constitutional Error Requiring Reversal

When jury argument falls outside the approved areas, "it will not constitute reversible error unless [it] is extreme or manifestly improper… or injects new facts harmful to the accused into the trial proceeding. **Temple v. State**, 342 S.W.3d 572, 602-603 (Tex.App.– Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex.Crim.App. 2013). Because this improper final argument offended Appellant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution, and Art. I, § 10, of the Texas Constitution, it is error of constitutional magnitude governed by a TEX.R.APP.P. 44.2(a)[19] harm analysis. **Crocker v. State**, 248 S.W.3d 299, 305 (Tex.App.– Houston [1st Dist.] 2007, pet. ref'd).

In **Harris v. State**, 790 S.W.2d. 652*,* 655 (Tex.Crim.App. 1989), the court held that if the error, as here, is of a magnitude that disrupted the jury's orderly evaluation of the evidence, it could not be considered harmless beyond a reasonable doubt. The factors **Harris** mandates that this Court must consider in conducting its harmless error review include

---

[19] *Constitutional Error.* "If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."

the source and the nature of the error, the weight a juror likely placed upon the error, whether and to what extent the error was emphasized by the State, and whether the State would be encouraged to repeat the error with impunity in the future, if a reviewing court declared it harmless. **Id**.

In conducting this review, this Court must not focus on the propriety of the trial's outcome, but rather upon the integrity of the process leading to conviction. **Id**. at 597. "The question in our judgment is whether the jury might have been influenced by an error and not whether in our judgment the correct result was reached." **Leos v. State**, 883 S.W.2d 209, 212 (Tex.Crim.App. 1994). This Court is obligated to review this record in a neutral, impartial and even-handed manner to determine if this error contributed to the conviction, a task that requires more than finding the State's evidence was overwhelming. **See Hadden v. State**, 829 S.W.2d 838, 842 (Tex.App.– Corpus Christi 1992, pet. ref'd).

Here, the source of the error was the prosecutor violating one of the most fundamental protections afforded to any citizen accused – the right not to be penalized for his silence while in the custody of law enforcement. As the Fifth Circuit remarked in granting federal habeas relief in a death penalty case where prosecutors improperly commented on the defendant's

right to silence during final argument, "To conclude otherwise empties all meaning of this cornerstone of rights upon which the criminal justice system rests. Its very centrality renders it a primal rule – etched in the minds of all players in a criminal case." **Gongora v. Thaler**, 710 F.3d 267, 278 (5th Cir. 2013); **see also** **Godfrey v. State**, 859 S.W.2d 583, 585 (Tex.App.–Houston [14th Dist.] 1993, pet. ref'd)(when officer of the court commits an error, "the error is enhanced.").

The nature of the error permitted the prosecutor to emphasize that Appellant: (1) "was keeping that evidence from you," (2) "went from [saying that he had] two to three drinks to not saying anything," (3) and was "not saying anything to [those questions] … [b]ecause he knows what that is going to come back as," (5 RR 57-58). As this Court has concluded in a similar case, this factor weighs heavily in favor of a finding of harm. **Cooper v. State**, 961 S.W.2d 222, 227 (Tex.App.– Houston [1st Dist.] 1997, pet. ref'd).

The probable collateral implications of the error was the prosecutor arguing that Appellant was guilty, not because he was intoxicated, but because he was trying to hide evidence from jurors by invoking his state and federal constitutional rights to silence. See **Loy v. State**, 982 S.W.2d

44

616, 618 (Tex.App.– Houston [1ˢᵗ Dist.] 1998, pet. ref'd). Given the State's emphasis on this error at trial and during its summation, and the jury's request to see State's Exhibit No. 2,[20] the jury likely placed great weight upon the error, yet another factor indicating harm. See **Marsh v. State**, 115 S.W.3d 709, 721 (Tex.App.– Austin 2003, pet. ref'd) ("The prosecutor in closing ... stressed and overemphasized the erroneously admitted ... evidence."). This tenet is especially true when, as here, the argument not only occurred during rebuttal, when its harmful effect could have been attenuated by Appellant's argument, see **Brown v. State**, 978 S.W.2d 708, 714-715 (Tex.App.– Amarillo 1998, pet. ref'd), but was among the final plea made to jurors before retiring to decide Appellant's fate. See **Barnum v. State**, 7 S.W.3d 782, 794 (Tex.App.– Amarillo 1999, pet. ref'd). Moreover, by overruling Appellant's objections, the trial court placed its seal of judicial approval on the State's improper argument, and magnified the harm. See **Peak v. State**, 57 S.W.3d 14, 20 (Tex.App.– Houston [14ᵗʰ Dist.] 2001, pet. ref'd)("[W]e find that the court's failure to take curative measures militates toward a finding of harm, against Appellant.").

---

[20] ("[W]e would like the Troopers [sic] report that shows the responses that [Appellant] gave written by Trooper Gonzales [sic]." (CR 139).

Finally, and perhaps most important of all, the prosecutor violated a fundamental state and federal constitutional right that is "etched in the minds of all players in a criminal case." **Gongora v. Thaler**, 710 F.3d at 278. Holding the prosecutor's improper argument penalizing Appellant for exercising his fundamental right to silence harmless "will only encourage prosecutors to repeat the constitutional error with impunity." **Hampton v. State**, 121 S.W.3d 778, 784 (Tex.App.– Austin 2003, pet. ref'd).

As set out above, the State's predictable rejoinder that overwhelming evidence of Appellant's guilt dissipates the harmful effect of this error will not support the great weight placed upon it. While evidence of Appellant's guilt may be legally sufficient, "it is not so overwhelming that the error's effect upon the jury's function in determining the facts dissipated." **Gray v. State**, 986 S.W.2d 814, 816 (Tex.App.– Beaumont 1999, no pet.) Aside from the boilerplate facts testified to by peace officers in every DWI prosecution,[21] there was no blood or breath test fortifying the State's claim that Appellant was intoxicated. Moreover, in spite of the relatively brief

---

[21] The State argued that Appellant failing the horizontal gaze nystagmus test administered by Trooper Gonzalez was compelling evidence of his intoxication. (5 RR 50, 53). Notably, Dr. Juliet Farmer, Appellant's optometrist, testified that because of his amblyopia, Appellant's eyes did not track normally, resulting in a latent horizontal nystagmus, that would account for Gonzalez's testimony that he detected horizontal gaze nystagmus in Appellant's eyes. (4 RR 251-252, 259).

46

time spent in trial, the jury deliberated from 10:04 a.m. until 4:14 p.m. before finally returning a verdict, (CR 125, 133), compelling evidence that the State's proof was hardly overwhelming. **Loy v. State**, 982 S.W.2d at 618-619 ("[T]he jury deliberated on guilt for nearly two hours, possibly indicating it thought the evidence was close.[22] Knowing this, and that the jury asked for the videotape [where the defendant invoked his rights], we cannot conclude with confidence that this error was harmless."); **see also** **Cooper v. State**, 36 S.W.3d at 160 (evidence was not overwhelming where defendant drove up behind marked patrol unit at 110 mph, was weaving and cutting off other traffic, officers chased him for almost three miles to catch him, and defendant jumped out of his car and left it in drive).

Viewed through the lens of the **Harris** factors, this Court cannot hold that this constitutional error was harmless beyond a reasonable doubt. See **Wilson v. State**, ___ S.W.3d ___, 2014 WL 6601218 at *5 (Tex.App.–Houston [1st Dist.] November 20, 2014, pet. filed).

The judgment of conviction entered below must be reversed and the cause remanded for a new trial.

---

[22] The defendant in **Loy** was speeding, swerved, and screeched to a halt, ignored multiple requests to exit his vehicle, had such difficulty standing that an officer had to keep him from falling, and gave the officers a cup of toilet water instead of a urine sample. **Id**. at 618.

## POINT OF ERROR NUMBER EIGHT

The trial court erred in denying Appellant's motion for mistrial after the prosecutor improperly argued that Appellant had "hired a dream team to sit there with him" during final argument of the guilt-innocence stage of trial, in violation of Art. 38.38 of the Code of Criminal Procedure.

## STATEMENT OF FACTS

In the final moments of rebuttal argument, the prosecutor directed the jury's attention to the fact that Appellant had hired a trio of lawyers as set forth in the following exchange:

> MR. PERRY: Again, ladies, it comes down to this, you can decide to give [Appellant] a pass because he is sitting there and has hired a dream team to sit there with him.
>
> MR. GONZALEZ: Objection.
>
> MR. SILVERMAN: That is so –
>
> THE COURT: Sustained. Mr. Perry, have a seat.
>
> MR. SILVERMAN: Judge, at this point in time, that's a comment – I can't cite the specific code; but this is a direct violation of the law. We ask that the jury be instructed to disregard the last statement of this prosecutor.
>
> THE COURT: The jury is instructed to disregard the last statement.

MR. SILVERMAN: Actually, I move to strike it first. I move to instruct the jury to disregard it.

THE COURT: Granted.

MR. SILVERMAN: And at this point in time, the defense moves for a mistrial.

THE COURT: Denied.

MR. PERRY: Judge, I would ask for two minutes in the interest –

THE COURT: No, sir.  Have a seat.  Thank you.

(5 RR 61).

As soon as the jury retired to begin its deliberations, the following colloquy ensued:

> THE COURT: Mr. Silverman wanted to put something on the record.  Go ahead, Mr. Silverman.
>
> MR. SILVERMAN: Yes, sir.  At the conclusion of the State's closing argument, the prosecutor had, quote, said that [Appellant] had hired this dream team – this dream team, end quote.
>
> This is a direct violation.  The statute that I was attempting to articulate was Article 38.38 of the Texas Code of Criminal Procedure that in a criminal case, neither the judge nor the attorney representing the State may comment on the fact that the defendant's contacted or retained an attorney in this case.

49

I would re-urge my motion for mistrial pursuant to Article 38.38.

THE COURT: Still denied.

(5 RR 62-63).

## ARGUMENT AND AUTHORITIES

### A. The Standard of Review

"The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence." **Harris v. State**, 122 S.W.3d 871, 883 (Tex.App.– Fort Worth 2003, pet. ref'd). Permissible jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to argument of opposing counsel; and (4) pleas for law enforcement. **Brown v. State**, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008). As the Court of Criminal Appeals cautioned over forty years ago, "The arguments that go beyond these areas too often place before the jury unsworn, and most times believable testimony of the attorney." **Alejandro v. State**, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973).

The law provides for, and presumes a fair trial for the accused, free

50

from improper prosecutorial argument. <u>Borjan v. State</u>, 787 S.W.2d 53, 56 (Tex.Crim.App. 1990). This Court has made it clear that appellate courts should not hesitate to reverse when the State has departed from one of the permissible areas in final argument and engaged in conduct that denies the accused a fair and impartial trial. <u>Washington v. State</u>, 16 S.W.3d 70, 73 (Tex.App.–Houston [1st Dist.] 2000, pet. ref'd); **see also** <u>United States v. Murrah</u>, 888 F.2d 24, 27 (5th Cir. 1989)(internal quotation marks omitted)("Rules of fair play apply to all counsel and are to be observed by the prosecution and defense counsel alike. ... If anything, the obligation of fair play by the lawyer representing the government is accentuated. Prosecutors do not have a hunting license exempt from the ethical constraints on advocacy.").

### B. The Prosecutor's Final Argument Violated Art. 38.38

Art. 38.38 of the Code of Criminal Procedure mandates that:

> Evidence that a person has contacted or retained an attorney is not admissible on the issue of whether the person committed a criminal offense. In a criminal case, neither the judge nor the attorney representing the state may comment on the fact that the defendant has contacted or retained an attorney in the case.

The prosecutor's remark that jurors had to "decide [whether] to give

51

[Appellant] a pass because he is sitting there and has hired a dream team to sit there with him," was a clearly improper, full-frontal attack on the protections embodied in Art. 38.38. By directing the jury's attention to the fact that Appellant had hired a defense "dream team" to represent him, the prosecutor's remark improperly invited jurors to consider Appellant's invocation of his right to counsel as evidence of his guilt. See <u>Hardie v. State</u>, 807 S.W.2d 319, 322 (Tex.Crim.App. 1991)("Such adverse use of evidence that a defendant invoked a right of privilege which has been granted him, is constitutionally impermissible."); <u>Kalisz v. State</u>, 32 S.W.3d 718, 723 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd)("Because evidence of an accused invoking his constitutional right to counsel may be construed adversely to a defendant and may improperly be considered as an inference of guilt, the trial court erred in admitting Officer Anderson's query concerning the right to counsel and everything that followed."); <u>Gray v. State</u>, 986 S.W.2d 814, 815 (Tex.App.– Beaumont 1999, no pet.)("In accordance with <u>Hardie</u> and its progeny, we hold the trial court erred in admitting Gray's invocation of his right to counsel. ..."); <u>Loy v. State</u>, 982 S.W.2d 616, 617 (Tex.App.–Houston [1st Dist.] 1998, no pet.) ("Appellant clearly invoked his right to counsel. Evidence showing that

was inadmissible."); see also <u>Byas v. State</u>, 906 S.W.2d 86, 87 (Tex.App.–

Fort Worth 1995, pet. ref'd)(prosecutor's final argument accusing defense

attorney of being "slick" was manifestly improper). Because the trial court

recognized this violation of Art. 38.38, it properly sustained Appellant's

objection and instructed the jurors to disregard the improper comment.

*C. This Improper Argument Affected Appellant's Substantial Rights*

Because the trial court sustained Appellant's objection, instructed

the jury to disregard the argument, but denied his request for a mistrial,

this Court must determine whether the trial court abused its discretion

in denying a mistrial. Because improper final argument of this ilk is not

one of constitutional dimension, <u>Mosley v. State</u>, 983 S.W.2d 249, 259

(Tex.Crim.App. 1998), this Court must decide if it "had a substantial and

injurious effect or influence in determining the jury's verdict." <u>King v.</u>

<u>State</u>, 953 S.W.2d 266, 270 (Tex.Crim.App. 1997). In resolving this issue,

this Court must balance a trio of factors: (1) the severity of the misconduct

(the magnitude of the prejudicial effect of the prosecutor's remarks), (2)

the measures adopted to cure the misconduct (the efficacy of any

cautionary instruction by the judge), and (3) the certainty of conviction

absent the misconduct (the strength of the evidence supporting the jury's

verdict).  <u>Archie v. State</u>, 340 S.W.3d 734, 739 (Tex.Crim.App. 2011). "Mistrial is the appropriate remedy when ... the objectionable events 'are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant." <u>Young v. State</u>, 137 S.W.3d 65, 71 (Tex.Crim.App. 2004).

## 1.  Severity of the Misconduct

The prosecutor's argument improperly directed the jury's attention to Appellant's "dream team" of defense lawyers, inviting them to consider Appellant's invocation of his right to counsel as evidence of his guilt.  The argument took place during the State's rebuttal, when its harmful effect could not have been attenuated by Appellant's argument, **see** <u>Brown v. State</u>, 978 S.W.2d 708, 714-715 (Tex.App.– Amarillo 1998, pet. ref'd), and was a final plea made to jurors before retiring to deliberate.  **See** <u>Barnum v. State</u>, 7 S.W.3d 782, 794 (Tex.App.– Amarillo 1999, pet. ref'd).  This factor, therefore, weighs in favor of a finding of harm. **See** <u>Washington v. State</u>, 16 S.W.3d 70, 74 (Tex.App.– Houston [1ˢᵗ Dist.] 2000).

## 2.  Steps Taken to Cure the Misconduct

Ordinarily, injury from improper jury argument is obviated when the court instructs jurors to disregard, unless it is so inflammatory that

its prejudicial effect cannot reasonably be cured by an instruction. **McKay v. State**, 707 S.W.2d 23, 37 (Tex.Crim.App. 1985). But this remark was, by its very nature, inflammatory, and injected new facts harmful to Appellant into the trial. See **Thompson v. State**, 89 S.W.3d 843, 851 (Tex.App.– Houston [1st Dist.] 2002, pet. ref'd)(because "argument was, by its very nature, inflammatory ... an instruction from the trial court to the jury to disregard such comment would have had no curative effect."). Not only did the remark violate Art. 38.38, a mandatory statute, its not-so-subtle invitation to the jury to consider the "dream team" as evidence of Appellant's guilt, violated his constitutional right not to be penalized for retaining counsel. Accordingly, the trial court's instruction to disregard was insufficient to cure the error. See **Kelly v. State**, 321 S.W.3d 583, 597 (Tex.App.– Houston [14th Dist.] 2010, no pet.)("The argument was clearly inflammatory. The argument occurred late in the State's final closing argument and likely left a strong impression on the jury. Thus, the prejudicial effect of the ... argument was severe.").

### 3. Certainty of Conviction Absent the Error

While the State will undoubtedly argue that Appellant's conviction was certain absent the prosecutor's improper and inflammatory remark,

this rote response is unavailing. While evidence of Appellant's guilt may be legally sufficient, "it is not so overwhelming that the error's effect upon the jury's function in determining the facts dissipated." **Gray v. State**, 986 S.W.2d at 816. Aside from the boilerplate facts testified to by peace officers in every DWI prosecution,[23] there was no blood or breath test fortifying the State's claim that Appellant was intoxicated. In spite of the relatively brief time spent in trial, the jury deliberated from 10:04 a.m. until 4:14 p.m. before returning a guilty verdict, (CR 125, 133), compelling evidence, as this Court held in a similar case, that the State's proof was less than overwhelming. **Loy v. State**, 982 S.W.2d at 618-619 ("[T]he jury deliberated on guilt for nearly two hours, possibly indicating it thought the evidence was close."[24]). This factor weighs in favor of finding that the prosecutor's improper remark affected Appellant's substantial rights. **See Bush v. State**, 2014 WL 309780 at *6 (Tex.App.– San Antonio 2014, no

---

[23] The State argued that Appellant failing the horizontal gaze nystagmus test administered by Trooper Gonzalez was compelling evidence of his intoxication. (5 RR 50, 53). Notably, Dr. Juliet Farmer, Appellant's optometrist, testified that because of his amblyopia, Appellant's eyes did not track normally, resulting in a latent horizontal nystagmus, that would account for Gonzalez's testimony that he detected horizontal gaze nystagmus in Appellant's eyes. (4 RR 251-252, 259).

[24] Unlike the facts in this case, the defendant in **Loy** was speeding, swerved, and screeched to a halt, ignored multiple requests to exit his vehicle, had such difficulty standing that an officer was called in to keep the defendant from falling, and gave the officers a cup of toilet water instead of a urine sample. **Id**. at 618.

pet.)(not designated for publication)("Bush's evidence of guilt was not 'very strong' and the certainty of conviction was not 'high' despite the improper statement by the prosecutor."); **York v. State**, 2008 WL 2677368 at *11 (Tex.Crim.App. 2008)(not designated for publication)("The certainty of a conviction absent the improper argument is extremely speculative."); **Watts v. State**, 371 S.W.3d 448, 460 (Tex.App.– Houston [14ᵗʰ Dist.] 2012, no pet.)("Absent the prejudice from an improper argument, we cannot say that appellant's conviction ... was in any way certain.").

## 4. Conclusion

As all three **Mosley** factors weigh in favor of a finding of harm, this Court has no fair assurance the improper argument did not influence, or had only a slight effect on the jury's verdict. **See Bush v. State**, 2014 WL 309780 at *7 ("[B]ecause all three prongs of the harm analysis weighed in Bush's favor, and against the State, we conclude that Bush showed her substantial rights were affected."). The trial court, therefore, abused its discretion in denying Appellant's motion for mistrial. **See Thompson v. State**, 89 S.W.3d at 851.

The judgment of conviction entered below must be reversed and the cause remanded for a new trial.

## CONCLUSION AND PRAYER

Appellant respectfully prays that this Honorable Court sustain the appellate contentions here advanced, reverse the judgment of conviction entered below, and remand the cause for a new trial.

RESPECTFULLY SUBMITTED,

/s/ **Brian W. Wice**

_____

**BRIAN W. WICE**

The Lyric Centre
440 Louisiana   Suite 900
Houston, Texas 77002-1635
(713) 524-9922 PHONE
(713) 236-7768  FAX
TBA NO. 21417800

**COUNSEL FOR APPELLANT**
ERIK FORREST FRIEND

## CERTIFICATE OF SERVICE

Pursuant to TEX.R.APP.P. 9.5(d), I certify that a copy of this brief was served upon opposing counsel, David Bosserman, Appellate Section, Brazoria County District Attorney's Office, 111 Locust, Angleton, Texas, 77515, by e-filing on January 9, 2015.

/s/ **Brian W. Wice**

_____

**BRIAN W. WICE**

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX.R.APP.P. 9.4(1)(i)(1), I certify that this document complies with the type-volume limitations of TEX.R.APP.P. 9.4(i)(2)(D):

1.  Exclusive of the exempted portions set out in TEX.R.APP.P. 9.4(i)(1), this document contains 11,722 words.

2.  This document was prepared in proportionally spaced typeface using Word Perfect 8.0 in Century 14 for text and Times New Roman 12 for footnotes.


/s/ **Brian W. Wice**

_____

BRIAN W. WICE